**AMERICAN OPTICAL COMPANY, C'Bon, Inc. and Cool-Ray, Inc., Plaintiffs-Appellees,**

v.

**RAYEX CORPORATION and Monaco Optical Corporation, Defendants-Appellants.**

**No. 447, Docket 31645.**

United States Court of Appeals Second Circuit.

Argued April 24, 1968.

Decided April 26, 1968.

John Vaughan Groner, New York City (Gilbert Ehrenkranz, Orange, N. J., Jules P. Kirsch, New York City, on the brief), for defendants-appellants.

Morton Amster, New York City (J. Albert Hultquist, Southbridge, Mass., James Reisman, Amster & Rothstein, New York City, on the brief), for plaintiffs-appellees.

Before HAYS, ANDERSON and FEINBERG, Circuit Judges.

PER CURIAM:

Appellants appeal an order of the United States District Court for the Southern District of New York, Charles H. Tenney, J., entered May 23, 1967, which granted plaintiffs' motion for contempt for failure to comply with a preliminary injunction, and denied appellants' cross-motion to vacate that injunction. The preliminary injunction in this action for unfair competition was granted by Judge Tenney on July 1, 1966, pursuant to his opinion reported at 266 F.Supp. 342 (S.D.N.Y.1966). Appellants took no appeal from that order. Instead of seeking to obtain "a trial of the action on the merits," see Rule 65, Fed.R.Civ.P., appellants attempted four and one-half months later to have the preliminary injunction vacated despite their earlier failure to appeal. Appellants conceded at oral argument before us that their cross-motion to vacate the preliminary injunction was not based on changes in circumstances which occurred after the injunction was entered. It is clear that by their cross-motion appellants were merely trying to relitigate on a fuller record preliminary injunction issues already decided by Judge Tenney. We affirm

the judge's refusal to vacate the injunction. As to the contempt, there was ample support for the judge's finding that appellants' "conduct has been in blatant disregard of the * * * preliminary injunction." We will not further consider at this stage of the proceeding the validity of the underlying preliminary injunction from which appellants took no appeal.

Judgment affirmed.