TOWN OF HUNTINGTON ET AL. *v.* HUNTINGTON
BRANCH, NATIONAL ASSOCIATION FOR
THE ADVANCEMENT OF COLORED
PEOPLE, ET AL.

No. 87–1961.   Decided November 7, 1988

PER CURIAM.

The motion of New York Planning Federation for leave to file a brief as *amicus curiae* is granted.

The town of Huntington, N. Y., has about 200,000 residents, 95% of whom are white and less than 4% black. Almost three-fourths of the black population is clustered in six census tracts in the town's Huntington Station and South Greenlawn areas. Of the town's remaining 42 census tracts, 30 are at least 99% white.

As part of Huntington's urban renewal effort in the 1960's, the town created a zoning classification (R–3M Garden Apartment District) permitting construction of multifamily housing projects, but by § 198–20 of the Town Code, App. to Juris. Statement 94a, restricted private construction of such housing to the town's "urban renewal area"—the section of the town in and around Huntington Station, where 52% of the residents are minorities. Although § 198–20 permits the Huntington Housing Authority (HHA) to build multifamily housing townwide, the only existing HHA project is within the urban renewal area.

Housing Help, Inc. (HHI), a private developer interested in fostering residential integration, acquired an option to purchase a site in Greenlawn/East Northport, a 98% white section of town zoned for single-family residences. On February 26, 1980, HHI requested the town board to commit to amend § 198–20 of the Town Code to permit multifamily rental construction by a private developer. On January 6, 1981, the board formally rejected this request. On February 23, 1981, HHI, the Huntington Branch of the National Association for the Advancement of Colored People (NAACP), and two black, low-income residents of Huntington (appellees) filed a complaint against the town and members of the town board (appellants) in the Federal District Court for the Eastern District of New York, alleging, *inter alia*, that they had violated Title VIII of the Civil Rights Act of 1968 by (1) refusing to amend the zoning code to allow for

private construction of multifamily housing outside the urban renewal zone and (2) refusing to rezone the proposed site to R–3M. Appellees asserted that both of these claims should be adjudicated under a disparate-impact standard. Appellants agreed that the facial challenge to the ordinance should be evaluated on that basis, but maintained that the decision not to rezone the proposed project site should be analyzed under a discriminatory-intent standard.

Following a bench trial, the District Court rejected appellees' Title VIII claims. 668 F. Supp. 762 (EDNY 1987). The Court of Appeals for the Second Circuit reversed as to both claims. 844 F. 2d 926 (1988). The Court of Appeals held that, in order to establish a prima facie case, a Title VIII plaintiff need only demonstrate that the action or rule challenged has a discriminatory impact. As to the failure to amend the zoning ordinance (which is all that concerns us here), the court found discriminatory impact because a disproportionately high percentage of households that use and that would be eligible for subsidized rental units are minorities, and because the ordinance restricts private construction of low-income housing to the largely minority urban renewal area, which "significantly perpetuated segregation in the Town." *Id.*, at 938. The court declared that in order to rebut this prima facie case, appellants had to put forth "bona fide and legitimate" reasons for their action and had to demonstrate that no "less discriminatory alternative can serve those ends." *Id.*, at 939. The court found appellants' rationale for refusal to amend the ordinance—that the restriction of multifamily projects to the urban renewal area would encourage developers to invest in a deteriorated and needy section of town—clearly inadequate. In the court's view, that restriction was more likely to cause developers to invest in towns other than Huntington than to invest in Huntington's depressed urban renewal area, and tax incentives would have been a more efficacious and less discriminatory means to the desired end.

After concluding that appellants had violated Title VIII, the Court of Appeals directed Huntington to strike from § 198–20 the restriction of private multifamily housing projects to the urban renewal area and ordered the town to rezone the project site to R–3M.

Huntington seeks review pursuant to 28 U. S. C. § 1254(2) on the basis that, in striking the zoning limitation from the Town Code, the Court of Appeals invalidated "a State statute . . . as repugnant to" Title VIII, a "la[w] of the United States." Viewing the case as involving two separate claims, as presented by the parties and analyzed by the courts below, we note jurisdiction, but limit our review to that portion of the case implicating our mandatory jurisdiction. Thus, we expressly decline to review the judgment of the Court of Appeals insofar as it relates to the refusal to rezone the project site.

Since appellants conceded the applicability of the disparate-impact test for evaluating the zoning ordinance under Title VIII, we do not reach the question whether that test is the appropriate one. Without endorsing the precise analysis of the Court of Appeals, we are satisfied on this record that disparate impact was shown, and that the sole justification proffered to rebut the prima facie case was inadequate. The other points presented to challenge the court's holding with regard to the ordinance do not present substantial federal questions. Accordingly, the judgment of the Court of Appeals is

*Affirmed.*

JUSTICE WHITE, JUSTICE MARSHALL, and JUSTICE STEVENS would note probable jurisdiction and set the case for oral argument.