**Rachel MATHER, Plaintiff–Appellee,**

v.

**VILLAGE OF MUNDELEIN,
Defendant–Appellant.**

No. 88–3226.

United States Court of Appeals,
Seventh Circuit.

Feb. 21, 1989.

Jon G. Furlow, Harold Hirschman, Robert B. Millner, Sonnenschein, Carlin, Nath & Rosenthal, Chicago, Ill., for plaintiff-appellee.

Jane M. Whicher and Charles E. Marino, Chicago, Ill., for defendant-appellant.

Harvey M. Grossman, and Barbara P. O'Toole, Chicago, Ill., for amicus curiae.

Jerome B. Meites, James D. Wascher and Roy E. Hofer, for amicus curiae.

ON PETITION FOR REHEARING

Before COFFEY, FLAUM and EASTERBROOK, Circuit Judges.

PER CURIAM.

Plaintiff seeks rehearing on two grounds. The merits were covered by our initial opinion, 864 F.2d 1291, and as the same question is before the Supreme Court in *American Civil Liberties Union v. County of Allegheny,* 842 F.2d 655 (3d Cir.), cert. granted, —— U.S. ——, 109 S.Ct. 53, 102 L.Ed.2d 32 (1988), to be argued on February 22, 1989, reconsideration of the merits in this court would be wasted motion. The future of the display in Mundelein will be governed by the Supreme Court's views, not by ours.

Plaintiff's alternative argument is that the court violated the Rules of Appellate Procedure by deciding the case on the basis of papers seeking (and opposing) a stay of the district court's injunction. Although the court heard oral argument on this motion, it did not set the case for full briefing but instead acted promptly on the basis of the record, the district court's opinion, the motions papers, and oral argument. Several *amici curiae* maintain that this procedure violated not only the rules but also the Due Process Clause of the fifth amendment to the Constitution.

Summary disposition is a useful and common procedure in this and every other appellate court. About one-third of all appeals filed in the Seventh Circuit are decided without briefing, Administrative Office of the United States Courts, *Annual Report 1987* Table B–5A (1988), often on jurisdictional grounds but occasionally on the merits. Motions papers, in conjunction with the record and the district court's opinion, may show the appropriate disposition with sufficient clarity that a call for briefs would be nothing but an invitation for the parties to waste their money and the court's time.

The Supreme Court decides with published opinion between five and ten cases annually without briefing or oral argument. It has done so four times so far this term. *Olden v. Kentucky,* —— U.S. ——, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988); *Town of Huntington v. Huntington Branch, NAACP,* —— U.S. ——, 109 S.Ct. 276, 102 L.Ed.2d 180 (1988); *Pennsylvania v. Bruder,* —— U.S. ——, 109 S.Ct. 205, 102 L.Ed.2d 172 (1988); *Rhodes v. Stewart,* —— U.S. ——, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988). The Court decides without briefs, argument, or opinion some 100 additional cases each year on its mandatory docket, *Annual Report* Table A–1, and these decisions have precedential force. *Hicks v. Miranda,* 422 U.S. 332, 344–46, 95 S.Ct. 2281, 2289–90, 45 L.Ed.2d 223 (1975). Summary dispositions amount to about 5% of its published opinions, a much higher percentage than in this court. Some of these are important constitutional cases that provoke substantial disagreement. E.g., *Ort-*

*wein v. Schwab,* 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973) (holding over four dissenting opinions that a filing fee for pursuing appellate litigation is constitutional).

Although Justice Marshall believes that the Court should not issue an opinion without having a case fully briefed, see *Montana v. Hall,* 481 U.S. 400, 405–10, 107 S.Ct. 1825, 1827–30, 95 L.Ed.2d 354 (1987) (dissenting opinion), no other Justice agrees. Justice Marshall rightly emphasizes that briefs will increase the probability of reaching an accurate decision. The question is: by how much? His colleagues evidently think that a small portion of cases may be decided accurately on the basis of their knowledge of the law, informed by the opinions of the inferior courts and the motions papers filed in the Supreme Court. It is gratuitous cruelty to put counsel through the exercise of writing briefs (and clients to the expense of paying for them) when the outcome is foredoomed. If the opinion should reveal that the Court was misinformed, a petition for rehearing will set things straight. Our own practice is guided by the views (and actions) of the majority of the Justices.

Our practice differs from the Supreme Court's in one important respect, however. The Seventh Circuit will not decide a case summarily if any member of the panel believes that briefs would be useful; it will not decide a case on the briefs if any member of the panel believes that oral argument would be useful. Circuit Rule 34(f). This case was decided without briefs—but with oral argument—because the panel unanimously concluded that expedition was essential and that the motions papers (coupled with oral argument) would adequately reveal the nature of the parties' arguments. The district court had issued a permanent injunction forbidding the Village's traditional Christmas display, and the Village sought an emergency stay. It was not realistically possible to separate the merits of this case from the factors that would influence the grant or denial of a stay; moreover, the disposition of the request would effectively resolve the merits, given the shortness of time. The court

therefore issued a stay after the oral argument on December 9, with the notation that an opinion on the merits would follow—an opinion that would have had the same contents had it purported only to state the reasons for issuing the stay. Since by Christmas 1989 the governing precedent will be the Supreme Court's opinion in *Allegheny County,* the panel's opinion, although nominally on "the merits", is good for the Christmas 1988 season only, just as the decision on the stay would have been. We could see no useful purpose to be served by a full round of briefs and another oral argument in January 1989 only to yield an opinion with a half-life shorter than that of Iodine–131.

Nothing in the petition for rehearing or the briefs of the *amici curiae* shows that the panel overlooked anything. *Allegheny County* may reveal that our decision—or our earlier decision in *American Jewish Congress v. City of Chicago,* 827 F.2d 120 (7th Cir.1987)—is mistaken, but the imminence of new instructions from the Supreme Court was a reason for, not an objection to, the procedure employed here.

The petition for rehearing is denied. No member of the court in regular active service has called for a vote on the suggestion of rehearing en banc, which is therefore rejected.