**CONSOLIDATED GOLD FIELDS PLC, Newmont Mining Corporation, Newmont Gold Company and Gold Fields Mining Corporation, Plaintiffs,**

v.

**ANGLO AMERICAN CORPORATION OF SOUTH AFRICA LIMITED, De Beers Consolidated Mines Limited and Minorco, S.A., Defendants.**

No. 88 Civ. 7191 (MBM).

United States District Court, S.D. New York.

March 24, 1989.

Lewis A. Kaplan, Lewis R. Clayton, Charles R. Chase, Daniel G. Cort, Robert Epstein, Steven Fasman, Bruce Handler, Elizabeth J. Holland, Doreen Le Pichon, Alexander M. Vasilescu, and Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for plaintiffs Consol. Gold Fields PLC and Gold Fields Min. Corp.

Richard J. Holwell, Ronald W. Davis, James Perkins, and White & Case, New York City, for plaintiffs Newmont Min. Corp. and Newmont Gold Co.

Jeremy G. Epstein, Rachel E. Deming, Kenneth A. Freeling, Edward Han, Jennifer S. Bard, Alan S. Goudiss, Idelle R. Abrams, Karen S. Hart, and Shearman & Sterling, New York City, for defendant Minorco.

MEMORANDUM AND ORDER

MUKASEY, District Judge.

Minorco has moved pursuant to Fed.R. Civ.P. 60(b)(5) to modify the preliminary injunction that prevents it from acquiring shares in Consolidated Gold Fields Ltd. so as to permit it to proceed with the acquisition, while holding separate pending divestiture within one year Gold Fields' minority

shareholdings in Gold Fields of South Africa, Newmont Mining Corp. and Renison Goldfields Ltd.

Apart from their substantive objections to such an amended injunction, Gold Fields and Newmont have argued that this court is without power so to modify the injunction or that Minorco should not be permitted to ask that the injunction be so modified because of the procedural history of the case. In particular, they point out that Minorco never asked this court to consider such a lesser injunction initially, that Minorco first suggested such a hold separate injunction on appeal from the granting of a full preliminary injunction, that during oral argument of that appeal counsel for Minorco was asked whether a hold separate injunction had been suggested to this court and he acknowledged it had not, and that the Second Circuit opinion affirming the grant of a preliminary injunction does not mention the hold separate device. From these facts Minorco argues that the Second Circuit should be found to have ruled a hold separate injunction was inappropriate, or at a minimum that because Minorco had the chance to propose a hold separate injunction earlier and failed to do so, it should be barred from doing so now.

As to Minorco's first argument, I think it puts more weight on events than they will bear to find that the Second Circuit has found a hold separate injunction unavailable in this case. It seems just as likely that that Court's failure to treat the issue in its opinion, after one panel member asked whether this court had had the chance to consider it, represents no more than that Court's view that such a remedy should be considered by a district court before it is considered by the circuit court. *Cf. Huntington Branch, NAACP v. Town of Huntington, N.Y.*, 844 F.2d 926, 941 (2d Cir.), *aff'd per curiam*, —— U.S. ——, 109 S.Ct. 276, 102 L.Ed.2d 180 (1988) (noting that fashioning of remedy is "ordinarily" first considered by district court).

■ In support of its second argument, Minorco cites *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1207 (2d Cir.1970) and *American Optical Co. v. Rayex Corp.*, 394 F.2d 155 (2d Cir.1968) (*per curiam*) for the proposition that a party

against whom a preliminary injunction has been issued may not relitigate such an injunction on a fuller record. That is too broad a reading of those cases. Rather, they stand for the principle that " 'preliminary injunction *issues* already decided' " may not be relitigated. *Semmes Motors*, 429 F.2d at 1207 (quoting *American Optical*, 394 F.2d at 155 (emphasis added)). I did not decide this issue earlier nor, on my reading of the Second Circuit's opinion, did that Court. It is a well recognized principle that "[a] preliminary injunction ... for any ... good reason may be modified." J. Moore, J. Lucas and K. Sinclair, 7 *Moore's Federal Practice* ¶ 65.07 at 65–114 (1989), and it seems unduly harsh to hold that a less restrictive injunction that is assumed for the sake of argument to avert the evil barred by a more restrictive injunction may not be considered simply because it was not proposed earlier. Accordingly, Minorco should not be barred *in limine* from proposing modification of the injunction as it has.

That having been said, it bears repetition that the assumption indulged at this stage —that a hold separate injunction would accomplish all that must be accomplished now —is merely an assumption, and should not be read to intimate any view on whether such an injunction would be adequate to protect all the interests that must be protected and would be capable of meaningful enforcement.

\* \* \* \* \* \*

■ Plaintiffs have also sought leave pursuant to Fed.R.Civ.P. 15(d) to file a supplemental complaint setting forth alleged securities violations contained in defendants' February 1989 tender offer. Under Rule 15(d), a party may be permitted to serve a supplemental pleading in order to set forth new "transactions or occurrences or events which have happened since the date of the [original] pleading" and which affect the controversy and the relief sought. Clearly, plaintiffs' February 1989 tender offer and the alleged misrepresentations or omissions contained therein constitute new information sufficiently related to the first tender offer to permit filing a supplemental complaint. Nor are the allegations so patently frivolous or hopeless

that leave should not be granted. Moreover, motions to amend pursuant to Rule 15(d) are usually granted "[u]nless undue prejudice to the opposing party will result." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir.1973); *see also LaSalvia v. United Dairymen of Arizona*, 804 F.2d 1113, 1119 (9th Cir.1986). Defendants have made no showing of any prejudice. Accordingly, leave to file the supplemental complaint is granted.

Whether plaintiffs' securities law violations require an extension of the injunction, now limited to the antitrust violations, is an open question which must be briefed by the parties.

\* \* \* \* \* \*

The parties will adhere to the following schedule in briefing both the propriety of a hold separate order and extension of the injunction over the securities claims. Defendants having submitted papers already, plaintiffs will submit answering papers by March 31. Defendants will file reply papers by April 4. Discovery is stayed pending further order of the Court.

SO ORDERED.