■ SUFFOLK INTERRELIGIOUS COALITION ON HOUSING, INC., et al., Appellants-Respondents, v TOWN OF BROOKHAVEN et al., Respondents-Appellants.—In an action, *inter alia,* for a judgment declaring that the zoning of certain parcels of property is exclusionary, and that a resolution of the Town Board of the Town of Brookhaven, dated September 15, 1981, which denied the application of the Suffolk Interreligious Coalition on Housing, Inc., to rezone a parcel in East Patchogue for multifamily development, and two resolutions, both dated September 20, 1983, which denied its applications to rezone a portion of the East Patchogue parcel and a parcel in Setauket for multifamily housing, respectively, are invalid, the plaintiffs appeal from so much of a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered September 20, 1990, as declined to consider the validity of the September 15, 1981, resolution, found that the resolution dated September 20, 1983, regarding the Setauket parcel was valid, and denied their application for attorneys' fees, and the defendants cross-appeal from so much of the same judgment as declared the resolution dated September 20, 1983, dealing with the East Patchogue parcel invalid, and directed the defendants to rezone a portion of the East Patchogue parcel.

Ordered that the judgment is modified, on the law, by deleting the first and fifth decretal paragraphs thereof, and substituting therefor provisions declaring that the resolution dated September 20, 1983, concerning the East Patchogue parcel is valid, and declaring that the current zoning of that parcel is valid; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the defendants.

This appeal concerns denials by the Town of Brookhaven of applications to rezone two parcels of property for multifamily development. In 1980, the plaintiff Suffolk Interreligious Coalition on Housing, Inc., applied to rezone a 30-acre parcel in East Patchogue from an NH (nursing home) zone to an MF-1 (multifamily) zone, for the purpose of developing low and moderate income housing. After the Town Board rejected this application by resolution dated September 15, 1981, the plaintiffs submitted an application to rezone a portion of the East Patchogue parcel for multifamily development. They also submitted an application to rezone a parcel located in Setauket from an L-1 Industrial (light industrial) zone to a multifamily zone. These applications were also denied by resolutions dated September 20, 1983.

The plaintiffs commenced this action alleging, *inter alia,* that the denials of the applications constituted exclusionary zoning practices. The court declined to consider the validity of the September 15, 1981, resolution, and found that the resolution dated September 20, 1983, dealing with the Setauket parcel was not exclusionary and did not violate the Federal Fair Housing Act (42 USC § 3601 *et seq.).* However, it concluded that the resolution dated September 20, 1983, denying the second East Patchogue application, was unjustified, and directed the Town to rezone the property involved for multifamily use. We find that each of the denials was justified and valid.

It is settled that "a municipality may not legitimately exercise its zoning power to effectuate socioeconomic or racial discrimination" *(Suffolk Hous. Servs. v Town of Brookhaven,* 70 NY2d 122, 129). Thus, a zoning ordinance will be invalidated if it was "enacted with an exclusionary purpose, or it ignores regional needs and has an unjustifiably exclusionary effect" *(Robert E. Kurzius, Inc. v Incorporated Vil. of Upper Brookville,* 51 NY2d 338, 343). Still, in resolving claims that a zoning ordinance is exclusionary, the concern is not " 'whether the zones, in themselves, are balanced communities, but whether the town itself, as provided by its zoning ordinances, will be a balanced and integrated community' " *(Asian Ams. for Equality v Koch,* 72 NY2d 121, 133, quoting from *Berenson v Town of New Castle,* 38 NY2d 102, 110-111).

In the instant case, the plaintiffs do not challenge the zoning ordinance itself. Nor do they contend that the Town's practices pursuant to the ordinance are generally exclusionary. Rather, they argue that the denials of their particular rezoning requests constituted exclusionary zoning practices.

But there is no "requirement that a particular development project include low-income housing" *(Akpan v Koch,* 75 NY2d 561, 576). Further, the plaintiffs do not dispute that the Town contains vacant land already zoned for multifamily use. Considering the availability of other vacant land already zoned for multifamily use, it cannot be said that any of the denials were exclusionary.

There also is no merit to the plaintiffs' claims that the challenged resolutions violated the Federal Fair Housing Act. To establish such a violation, the plaintiffs must demonstrate that the action complained of had a discriminatory effect, i.e., an adverse impact on a racial group or the perpetuation of segregation *(see, Metropolitan Hous. Corp. v Village of Arlington Hgts.,* 558 F2d 1283, *cert denied* 434 US 1025; *Suffolk Hous. Servs. v Town of Brookhaven,* 109 AD2d 323, *affd* 70 NY2d 122, *supra).* Because vacant land already zoned for multifamily use is available, the denials of the plaintiffs' applications had no discriminatory effect *(cf., Huntington Branch, NAACP v Town of Huntington,* 844 F2d 926, *affd* 488 US 15).

Nor were the denials of the East Patchogue applications arbitrary and capricious. The record indicates that the zoning of that property for nursing home use was in accordance with the Town's comprehensive plan and that the Town had a need for nursing homes in that area. The denials of both East Patchogue applications, are, therefore, valid *(see,* Town Law § 263; *Asian Ams. for Equality v Koch, supra; Rodgers v Village of Tarrytown,* 302 NY 115; *Donovan v Town Bd.,* 137 AD2d 652; *cf., Osiecki v Town of Huntington,* 170 AD2d 490). Eiber, J. P., Rosenblatt, Miller and Ritter, JJ., concur.