the district judge found, he knew to be deceitful. Nothing more is necessary.

Penalizing a liar who happens to be a party is some distance from sanctioning a party whose evidence, presented in good faith, does not persuade the trier of fact. "Rule 11 does not allow an award of sanctions just because things went poorly after an investigation that was adequate in light of what was known (and how much time was available) before the paper was filed." *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 932 (7th Cir.1989) (in banc). Rule 11 does not disturb the American Rule under which each side bears its own expense of litigation. *Machinists District No. 8 v. Clearing*, 807 F.2d 618, 622 (7th Cir.1986). Its focus is "inputs rather than outputs, conduct rather than result." *Mars Steel*, 880 F.2d at 932. Still, bald lies in motions papers do not acquire immunity when the judge must assess the credibility of a witness to determine whether a statement be truth or fiction. Paying a few thousand dollars as a sanction for lying in a motion and on the stand is nothing compared with the five years' imprisonment to which such conduct exposes the perjurer. Cf. *United States v. Grayson*, 438 U.S. 41, 54–55, 98 S.Ct. 2610, 2618, 57 L.Ed.2d 582 (1978).

AFFIRMED.

Before BAUER, Chief Judge, and CUMMINGS and KANNE, Circuit Judges.

This matter comes before the court for its consideration upon the request for leave to proceed as a pauper on appeal filed by the appellant on 1/29/92.

This court has carefully reviewed the final order of the district court, the record on appeal and the appellant's motion. Based on this review, the court has determined that any issues which could be raised are insubstantial and the filing of briefs would not be helpful to the court's consideration of the issues. *See Mather v. Village of Mundelein*, 869 F.2d 356, 357 (7th Cir.1989) (*per curiam*) (court can decide case on motions papers and record where briefing would be a waste of time and no member of the panel desires briefing or argument). Accordingly,

IT IS ORDERED that the appellant's motion for leave to proceed on appeal in forma pauperis is DENIED and the district court is summarily AFFIRMED.

**Joseph E. TAYLOR, Plaintiff-Appellant,**

v.

**CITY OF NEW ALBANY, Floyd County, New Albany Police Department, et al., Defendants-Appellees.**

No. 91–3670.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 23, 1992.

Decided Oct. 26, 1992.

Rehearing and Rehearing En Banc Denied Nov. 17, 1992.

Certiorari Denied Jan. 19, 1993.

See 113 S.Ct. 1061.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Willie Curtis SANDERS, Defendant–Appellant.**

No. 91–2152.

United States Court of Appeals, Seventh Circuit.

Argued June 5, 1992.

Decided Oct. 28, 1992.

Rehearing Denied Dec. 15, 1992.