■ STEPHEN J. SIEGEL et al., Respondents, v BLAIR HALL, INC., et al., Appellants. [615 NYS2d 937] —In an action, *inter alia,* to enjoin purported violations of the Federal Fair Housing Act and the New York State Human Rights Law, the defendants appeal from so much of an order of the Supreme Court, Queens County (Zelman, J.), dated July 30, 1991, as denied those branches of their motion which were to dismiss the first and second causes of action in the plaintiffs' second amended complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the defendants' motion which were to dismiss the first and second causes of action of the second amended complaint are granted, and the action is dismissed in its entirety.

The plaintiffs in this case are Orthodox Jewish tenants residing in four apartment buildings owned and managed by the defendants. In 1988, the defendants installed electric locks in the doors of the front entrances of the buildings. In order to operate these locks, an individual must either turn a key or press a button that breaks an electric circuit causing an electromagnet to be released. The plaintiffs, as Orthodox Jews, are prohibited by Jewish religious law ("Halacha") from breaking an electric circuit on their Sabbath and on certain religious holidays such as Yom Kippur, Rosh Hashannah, and Passover. Apparently, at those times, the plaintiffs and their families must wait in front of their apartment buildings until a tenant who is not under their religious proscriptions arrives to let them in. They must similarly wait when they desire egress from their buildings.

The plaintiffs subsequently commenced the instant action, *inter alia,* for injunctive relief. The first two causes of action in the amended complaint allege civil rights violations under

the Federal Fair Housing Act (42 USC § 3601 *et seq.*), the New York State Human Rights Law *(see,* Executive Law § 296 [5] [a] [2]) and the New York City Administrative Code *(see,* Administrative Code of City of NY tit 8). The remaining four causes of action allege that the defendants breached the relevant leases, violated the New York City Rent Stabilization Code, breached the warranty of habitability, and, *inter alia,* constructively evicted the plaintiffs. On motion by the defendants, the Supreme Court dismissed these latter four causes of action. However, the Supreme Court denied the defendants' motion with respect to the two causes of action alleging civil rights violations, finding that these were legally sustainable. We reverse and dismiss the complaint in its entirety.

Undoubtedly, the act of installing electric locks placed an added burden upon the plaintiffs in the exercise of their religious observations. However, merely because an act creates a burden does not, in our pluralistic society, mean that it is a discriminatory act *(see, Kaplan v 442 Wellington Coop. Bldg. Corp.,* 567 F Supp 53, 59). Here, the allegations in the complaint, supplemented by the affidavits submitted by the plaintiffs in opposition to the motion to dismiss *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 634), do not establish a prima facie showing of discriminatory intent on the part of the defendants *(see, Suffolk Hous. Servs. v Town of Brookhaven,* 109 AD2d 323, *affd* 70 NY2d 122; *Metropolitan Hous. Corp. v Village of Arlington Hgts.,* 558 F2d 1283, *cert denied* 434 US 1025). It is reasonable to assume that the act of installing electric locks was done for the sole purpose of deterring crime, and the record is devoid of any allegation from which it can be reasonably inferred that the installation was done with discriminatory intent.

Nor do the allegations establish a prima facie showing of a "discriminatory effect" upon the plaintiffs *(see, Suffolk Interreligious Coalition on Hous. v Town of Brookhaven,* 176 AD2d 936, 937). The inconvenience placed upon the plaintiffs is not of such a nature as to be deemed discriminatory *(see, Man-of-Jerusalem v Hill,* 769 F Supp 97; *cf., Huntington Branch, NAACP v Town of Huntington,* 844 F2d 926, *affd* 488 US 15).

Upon the foregoing, the Supreme Court erred when it failed to dismiss the complaint in its entirety. We note that, on appeal, the plaintiffs do not contest the point that the proper forum, in the first instance, for their claim under New York City Administrative Code, was the New York City Human Rights Commission *(see,* Administrative Code tit 8; *see also,*

Administrative Code § 8-128). Rosenblatt, J. P., Ritter, Copertino and Joy, JJ., concur.