NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 18, 2020[*]
Decided February 25, 2020

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 20-1055

| | |
|---|---|
| IN RE: LEO D. STOLLER,<br>    *Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| | No. 07 C 1435 |
| | Rebecca Pallmeyer,<br>*Chief Judge*. |

**O R D E R**

In 2007, the Executive Committee of the United States District Court for the Northern District of Illinois imposed a filing restriction against appellant Leo Stoller, prohibiting him from instituting any new civil action in the Northern District of Illinois without leave from the Committee. In December 2019, Stoller requested that the Committee vacate the order so he could take over litigation on behalf of his brother. The Committee denied Stoller's request, and he appealed.

---

[*] We have agreed to decide the case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

On appeal, Stoller requests summary disposition of the appeal in his favor. He relies on a 2012 order from this court, in which we lifted a 2009 filing bar against Stoller. *See In re Stoller*, No. 08-4240 (7th Cir. Oct. 29, 2012). He asserts that the district court's filing bar is unlawful because our 2012 order is controlling. He further argues that the bar is unconstitutional because (1) he did not have the opportunity to defend himself, (2) the order is perpetual and does not provide a process for rescinding the order, and (3) a sanction should be tailored to the abuse.

We have carefully reviewed the orders of the Executive Committee and the record on appeal. Based on this review, we have determined that any issues which could be raised are insubstantial and that further briefing would not be helpful to our consideration of the issues. *See Taylor v. City of New Albany*, 979 F.2d 87 (7th Cir. 1992); *Mather v. Village of Mundelein*, 869 F.2d 356, 357 (7th Cir. 1989) (court can decide case on motions papers and record where briefing would not assist the court and no member of the panel desires briefing or argument). "Summary disposition is appropriate 'when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.'" *Williams v. Chrans*, 42 F.3d 1137, 1139 (7th Cir. 1995) (quoting *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994)).

In the first place, the challenged order imposes a screen rather than a bar, and we have upheld very similar Executive Committee orders restricting an overzealous litigant's ability to file new actions. *See In re Chapman*, 328 F.3d 903, 905–06 (7th Cir. 2003). And the original order is well-tailored to Stoller's pattern of frivolous litigation— the Committee imposed the bar because Stoller had filed at least 49 lawsuits in its district. Nor is any time limit necessary. As evidenced by this appeal, Stoller is capable at any time to petition the Executive Committee for a lift of or change to the screening order. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (setting time limit on filing bar so restricted filer could petition for lift of bar).

Accordingly, **IT IS ORDERED** that the judgment of the Executive Committee is summarily **AFFIRMED**. Any pending motions are **DENIED** as moot.