Matter of Casa Lajas, LLC v Village of Nyack
2026 NY Slip Op 03794
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Casa Lajas, LLC, et al., appellants,
v
Village of Nyack, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2025-01041, (Index No. 293/24)
Mark C. Dillon, J.P.
Linda Christopher
Barry E. Warhit
Carl J. Landicino, JJ.

Schenley Vital, Nyack, NY, appellant pro se and for appellant Casa Lajas, LLC.
Drake Loeb, PLLC, New Windsor, NY (Stephen J. Gaba of counsel), for respondents.

[*1]
DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Village of Nyack Zoning Board of Appeals dated February 26, 2024, which, after a hearing, affirmed the Village of Nyack Chief Building Inspector's, in effect, denial of the petitioners/plaintiffs' application for a special use permit and action, inter alia, to recover damages for a violation of the Fair Housing Act (42 USC § 3601 et seq.), the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated November 14, 2024. The order and judgment granted the respondents/defendants' motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint and, in effect, dismissed the proceeding/action.
ORDERED that the order and judgment is affirmed, with costs.
Schenley Vital is the owner of certain real property located at 11 Fourth Avenue in Nyack (hereinafter the property) within the Village of Nyack. The property is located in a two-family residential (hereinafter TFR) district.
In 2024, Vital, on behalf of Casa Lajas, LLC (hereinafter together the petitioners), applied to the Village of Nyack Building Department for a special use permit to construct on the property a four-story clubhouse with four, two-story dwelling units and common spaces for use by a certain "domestic fraternal society/club." On February 8, 2024, the Village of Nyack Chief Building Inspector (hereinafter the Chief Building Inspector), in effect, denied the application, determining that under the Local Zoning and Planning Law of the Village of Nyack (hereinafter the Code) "a clubhouse shall not include dwellings or sleeping units."
The petitioners appealed to the Village of Nyack Zoning Board of Appeals (hereinafter the ZBA) seeking review of the Chief Building Inspector's determination. In a determination dated February 26, 2024, the ZBA affirmed the Chief Building Inspector's determination.
Subsequently, the petitioners commenced this hybrid proceeding pursuant to CPLR article 78 to review the ZBA's determination and action, inter alia, to recover damages for a violation [*2]of the Fair Housing Act (FHA) (42 USC § 3601 et seq.) against the Village, the ZBA, and the Chief Building Inspector (hereinafter collectively the respondents). The respondents moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint. In an order and judgment dated November 14, 2024, the Supreme Court granted the respondents' motion and, in effect, dismissed the proceeding/action. The petitioners appeal.
In a CPLR article 78 proceeding to review a determination of a zoning board of appeals, the zoning board's interpretation of its zoning ordinance is entitled to great deference, and generally judicial review is limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion (see Matter of Tiekert v Board of Appeals of the Vil. of Mamaroneck, 236 AD3d 803, 804; Matter of Mutual Aid Assn. of the Paid Fire Dept. of the City of Yonkers, N.Y., Inc. v City of Yonkers Zoning Bd. of Appeals, 199 AD3d 803, 805). "However, there is 'a narrow but well recognized exception to this rule . . . where the question is one of pure legal interpretation of statutory terms, in which case deference to the zoning board is not required'" (Matter of Tiekert v Board of Appeals of the Vil. of Mamaroneck, 236 AD3d at 804 [internal quotation marks omitted], quoting Matter of Mutual Aid Assn. of the Paid Fire Dept. of the City of Yonkers, N.Y., Inc. v City of Yonkers Zoning Bd. of Appeals, 199 AD3d at 805).
Nonetheless, here, the ZBA properly affirmed the determination of the Chief Building Inspector on the ground that under the Code a clubhouse shall not contain dwelling or sleeping units. The Code does not define the word "clubhouse" (see Code § 360-6.1). However, the Code provides that "[t]he words in this chapter shall be construed in accordance with their common meaning" and words that are not specifically defined "have the meaning given in the latest edition of Merriam Webster's Collegiate Dictionary" (id. § 360-1.6[A]). In that regard, Merriam Webster's Collegiate Dictionary defines clubhouse as: 1) "a house occupied by a club or used for club activities," 2) "locker rooms used by an athletic team," or 3) "a building at a golf course typically housing a locker room, pro shop, and restaurant" (Merriam-Webster.com Dictionary, clubhouse [https://www.merriam-webster.com/dictionary/clubhouse])
While the petitioners contend that the word "house" as used in the first definition of clubhouse suggests that such a building may be used by a club for living/sleeping purposes, the more reasonable construction of the word house, in keeping with the latter two definitions of clubhouse, is that of a building where people gather for a specified kind of activity (i.e., a movie house, a coffee house), in this case, that of the subject club. Of note, the foregoing construction also is in keeping with the Code itself, pursuant to which in TFR districts (where multifamily homes are expressly prohibited) a clubhouse is characterized along with community centers and places of worship as "Public and Institutional" uses for which a special use permit may be granted, as compared with a residential use (see Code § 360-3.1, Table 3-1).
In addition, the Supreme Court properly determined that the petitioners' causes of action predicated upon alleged violations of the FHA failed to state a cause of action. Under the FHA, it is "unlawful . . . [t]o . . . make unavailable or deny, a dwelling to any person because of . . . race" (42 USC § 3604[a]). Pursuant to 42 USC § 3617, it is "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of . . . any right granted or protected by [42 USC § 3604(a)]."
Here, the petitioners' contention that the ZBA's determination affirming the Chief Building Inspector's determination that under the Code a clubhouse shall not contain dwelling or sleeping units was the result of discriminatory conduct in violation of 42 USC §§ 3604(a) and 3617 is not supported by the requisite factual allegations indicative of disparate impact or disparate treatment (see generally LeBlanc-Sternberg v Fletcher, 67 F3d 412, 425 [2d Cir]; Huntington Branch, N.A.A.C.P. v Town of Huntington, 844 F2d 926, 933 [2d Cir], affd in part 488 US 15). To the extent the petitioners in their appellate brief raise new and additional allegations of discriminatory housing practices by the respondents, those allegations are not properly before this Court.
Accordingly, the Supreme Court properly granted the respondents' motion pursuant [*3]to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint and, in effect, dismissed the proceeding/action.
The petitioners' remaining contention is without merit.
DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court