Jeffrey M. GREENBERG, Plaintiff,

v.

NEW YORK STATE, New York State Department of Correctional Services, New York State Department of Audit and Control, and New York State Department of Civil Service, Defendants.

No. 95 Civ. 1900.

United States District Court,
E.D. New York.

April 3, 1996.

**638**

Jeffrey M. Greenberg, Hewlett, NY, pro se.

Toni E. Logue, Assistant Attorney General, New York City, for Defendants.

*Memorandum & Order*

SEYBERT, District Judge:

Plaintiff brings the instant action against defendants New York State, New York State Department of Correctional Services ("DOCS"), New York State Department of Audit and Control ("Audit and Control"), and New York State Department of Civil Service ("Civil Service") (hereinafter "defendants") pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112–12117 (amended by the Civil Rights Act of 1991, Pub.L. No. 102–166) ("ADA"). In his complaint, plaintiff alleges that he was not appointed to the position of Correction Officer with DOCS because he was perceived as having a mental disability. Pending before the Court is defendants' motion to dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure. In their motion, defendants allege that the complaint should be dismissed because (1) plaintiff has failed to allege sufficient facts to state a claim based upon the ADA and (2) defendants Civil Service, Audit and Control and the State of New York are not proper parties to this action. For the reasons set forth below, defendants' motion to dismiss the complaint is GRANTED in its entirety.

## FACTUAL BACKGROUND

The following facts are the material facts alleged in the complaint, and as required on a motion to dismiss, the Court accepts them as true. *Bankers Trust Co. v. Rhoades,* 859 F.2d 1096, 1099 (2d Cir.1988), *cert. denied sub nom., Soifer v. Bankers Trust Co.,* 490 U.S. 1007, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989).

Plaintiff alleges that he was a candidate for the position of Correction Officer with DOCS. After passing the written examination, plaintiff, as part of the screening requirements, underwent a psychological examination. On October 7, 1993, plaintiff alleges that he was notified by DOCS that he failed to meet the psychological requirements for the position of Correction Officer. Specifically, DOCS psychologist, Michael Prezioso, found that plaintiff "lack[ed] the ability to make decisions regarding security and safety in emergency situations, to perform effecttively (sic) and efficiently under stress, and to identify with potential or actual disruptive situations, required by Correction Officers." Plaintiff alleges that Dr. Prezioso only indicated a selective portion of his past history on the report. Specifically, plaintiff alleges that Dr. Prezioso failed to indicate that plaintiff is, and has been since 1989, a full-time Campus Security Officer with the Hewlett–Woodmere U.F.S.D. and that plaintiff is, and has been since July 1989, a volunteer firefighter and emergency medical technician/defibrillation with the Hewlett Bay Fire District.

Plaintiff alleges that although he has no mental disability, he was perceived by DOCS as having a mental disability, and thus was disqualified from a position as a Correction Officer. In support of his claim, plaintiff contends that he submitted to DOCS an eleven page psychological screening report from Kevin J. Worgul, Ph.D., dated January 31, 1994, that indicated that plaintiff was psychologically suitable for the position of Correction Officer. Plaintiff further alleges that Civil Service "failed to address [his] appeal so that the civil service list [would] expire and in fact did expire in September 1994." In his complaint, plaintiff makes no allegations against the State of New York or against Audit and Control.

On or about February 15, 1994, plaintiff filed a charge with the New York State Division of Human Rights or the New York City Commission on Human Rights regarding defendants alleged discrimination. On November 24, 1994, plaintiff filed a similar charge with the Equal Employment Opportunity Commission, and on March 6, 1995, plaintiff received a right to sue letter. On or about May 4, 1995, plaintiff commenced the instant action.

## DISCUSSION

Defendants have requested the Court to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, defendants allege that plaintiff cannot maintain a claim pursuant to the ADA because he cannot establish a disability within the meaning of the statute. Defendants further claim that while plaintiff presumably named New York State, Civil Service and Audit and Control as necessary parties pursuant to Rule 19 of the Federal Rules of Civil Procedure, such inclusion is unwarranted because plaintiff fails to allege (1) any involvement by these agencies in the decision not to appoint plaintiff as a Correction Officer and (2) any unlawful acts on the part of these agencies.

Plaintiff, in contrast, contends that he is naming all of the listed defendants because the original complaint from the New York Division of Human Rights named all of the defendants as necessary parties. In addition, plaintiff claims that he named Civil Service as a defendant because it is plaintiff's understanding that Civil Service has jurisdiction in a case where a candidate is disqualified for a specific reason and Civil Service

reviews the reason for the disqualification. Plaintiff further claims that he should be allowed to proceed with his claim under the ADA because he was denied a position with DOCS based on DOCS' perception that he had a mental disability, even though plaintiff contends that this is false.

## I. STANDARDS GOVERNING A MO-TION TO DISMISS UNDER RULE 12(B)(6)

A district court should grant a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim only if " 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50; 109 S.Ct. 2893, 2906, 106 L.Ed.2d 195 (1989) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)); *Annis v. County of Westchester*, 36 F.3d 251, 253 (2d Cir.1994); *Easton v. Sundram*, 947 F.2d 1011, 1014 (2d Cir.1991), *cert. denied*, 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). In applying this standard, a district court must "read the facts alleged in the complaint in the light most favorable" to the plaintiff, and accept these allegations as true. *Id.* at 249, 109 S.Ct. at 2906; *see Christ Gatzonis Elec. Contractor, Inc. v. New York City Sch. Constr. Auth.*, 23 F.3d 636, 639 (2d Cir.1994); *see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993) (citing Fed. R.Civ.P. 8(a)(2) to demonstrate liberal system of 'notice pleading' employed by the Federal Rules of Civil Procedure). The court's duty merely is "to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir.1980); *accord Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir.1985). The appropriate inquiry, therefore, is not "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 124 (2d Cir.1991) (plaintiff is not com-

pelled to prove his case at the pleading stage). Additionally, the Rules do not require the claimant to set out in detail the facts upon which he or she bases a claim, but only that he or she gives a statement of his or her claim that will give defendant "fair notice of what [his or her] claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). Therefore, where a complaint is filed that charges each element necessary to recover, dismissal of the case for failure to set out evidential facts can seldom be warranted. *U.S. v. Employing Plasterers Assoc'n*, 347 U.S. 186, 188–89, 74 S.Ct. 452, 453–54, 98 L.Ed. 618 (1954). Individual allegations, however, that are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains are meaningless as a practical matter and, as a matter of law, insufficient to state a claim. *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir.1987).

When a party is proceeding *pro se*, as in the instant action, the Court has an obligation to construe the pleadings of the *pro se* litigant liberally. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (per curiam) (proclaiming that *pro se* complaints should be "h[e]ld to less stringent standards than formal pleadings drafted by lawyers"); *Super v. Price Waterhouse*, No. 94 Civ. 7466, 1995 WL 498773 (S.D.N.Y.) (same). A *pro se* party's general conclusions, however, completely unsupported by specific allegations of fact, are not sufficient to overcome a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. *Barr v. Abrams*, 810 F.2d at 363.

## II. STATING A CLAIM UNDER ADA

Defendants allege that plaintiff cannot maintain a claim pursuant to the ADA because he cannot establish a disability within the meaning of the statute. Plaintiff, in contrast, alleges that he has stated a claim pursuant to the ADA because he has alleged facts that show that defendants discriminated against him on the basis of a perceived mental disability.

■ Congress promulgated the ADA "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities," and to establish "clear, strong, consistent, enforceable standards" for scrutinizing such discrimination." 42 U.S.C. § 12101(b)(1)–(2); *Star-on v. McDonald's Corp.*, 51 F.3d 353, 355 (2d Cir.1995). Accordingly, the ADA prohibits employers from "discriminat[ing] against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112. Additionally, the ADA prohibits discrimination against both individuals who actually are impaired and those "who are regarded as impaired and who, as a result, are substantially limited in a major life activity." *School Bd. of Nassau County, Florida v. Arline*, 480 U.S. 273, 284, 107 S.Ct. 1123, 1129, 94 L.Ed.2d 307 (1987).

■ To assert a claim of discrimination based on a disability, a plaintiff must satisfy the threshold requirement that he or she is disabled within the meaning of the statute. *See Lyons v. Legal Aid Soc'y*, 68 F.3d 1512, 1515 (2d Cir.1995); *Jasany v. United States Postal Serv.*, 755 F.2d 1244, 1248 (6th Cir. 1985). An individual is "disabled" within the meaning of the ADA if he or she has (1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record of such impairment; or (3) is regarded as having such an impairment. 42 U.S.C. § 12102(2).

■ While "few 'perceived disability' cases have been litigated," *Cook v. Rhode Island Dep't of Mental Health, Retardation & Hosps.*, 10 F.3d 17, 22 (1st Cir.1993), the regulations implementing the ADA delineate the ways in which a person can satisfy the definition of "being regarded as having a disability." For a plaintiff to prevail on a perceived disability claim, he or she would have to show (1) that the employer treated plaintiff as having an impairment that substantially limited one or more of the plaintiff's major life activities and (2) that either (a) while he or she had a physical or mental impairment, it was not substantially limiting or (b) that he or she did not suffer at all from a statutorily prescribed physical or mental impairment. *Cook*, 10 F.3d at 23; 29 C.F.R. Pt. 1630, App. Thus, "if an individual can show that an employer ... made an employment decision because of a perception of disability based on 'myth, fear or stereotype,' the individual will satisfy the 'regarded as' part of the definition of disability." *Id.*

■ Read in conjunction with the first subsection of the definition of disability, which prohibits discrimination on the basis of an impairment that substantially limits a major life activity, the third subsection of the definition "prescribes that a person is considered disabled for purposes of the ADA if that person is 'regarded as having' an impairment that 'substantially limits' a 'major life activit[y].' " *Wooten v. Farmland Foods*, 58 F.3d 382, 385 (8th Cir.1995) (citing 42 U.S.C. § 12102(2)(C)); *Byrne v. Board of Educ.*, 979 F.2d 560, 565 (7th Cir.1992) (proclaiming that the limiting adjectives "substantially" and "major" indicate that the perceived impairment must be a significant one); *Gonzalez v. Perfect Carton Corp.*, No. 95 C 5476, 1996 WL 89058 (N.D.Ill.) (finding that hernia was not within definition of "perceived disability" where plaintiff failed to allege facts demonstrating that employer viewed it as a "significant impairment" and where plaintiff only alleged that he was viewed as incapable of satisfying demands of a particular job). Thus, to determine whether a plaintiff alleging discrimination on the basis of a perceived disability is protected under the Act, the Court must make a two-prong inquiry. *See Heilweil v. Mount Sinai Hospital*, 32 F.3d 718, 722 (2d Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1095, 130 L.Ed.2d 1063 (1995).[1] First, the Court must determine if

---

1. While the plaintiff in *Heilweil* brought a claim under the Rehabilitation Act ("RA"), the definition of handicap under the RA is essentially identical to the definition of disability under the ADA. Because Congress intended that the relevant caselaw developed under the RA be generally applicable to the term "disability" under the ADA, this Court will use the caselaw under both the ADA and the RA to determine whether plaintiff has a disability under the ADA. *See* 29 C.F.R.

the plaintiff is perceived to have a physical or mental impairment. *Id.* Second, if so, the Court must determine whether the impairment is perceived to substantially limit one or more of that person's major life activities. *Id.*

The regulations promulgated under the Act shed light on the meaning of physical or mental impairment. Specifically, the regulations define impairment as "any physiologica: disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of several body systems, or any mental or psychological disorder." 29 U.S.C. § 1630.2(h). The definition of "disabled," however, does not include "common personality traits such as poor judgment or a quick temper where these are not symptoms of a mental or psychological disorder." 29 C.F.R. § 1630.2(h).

▇▇▇ Similarly, the regulations shed light on whether the impairment is one that substantially limits one or more of plaintiff's major life activities, and work has been included as a "major life activity." To determine whether an impairment constitutes a significant barrier to employment, the Court must consider several factors, including: " '(1) the number and type of jobs from which the impaired individual is disqualified, (2) the geographical area to which the individual has reasonable access, and (3) the individual's job expectations and training.' " *Welsh v. City of Tulsa, Oklahoma,* 977 F.2d 1415, 1419 (10th Cir.1992) (quoting *Jasany,* 755 F.2d at 1249); *see* 29 C.F.R. § 1630.2(j). A person found unsuitable for a particular position, however, "has not thereby demonstrated an impairment substantially limiting such person's major life activity of working." *Heilweil,* 32 F.3d at 723–24; *see Daley v. Koch,* 892 F.2d 212, 215 (2d Cir.1989); *Byrne,* 979 F.2d at 565 ("It is well established that an inability to perform a particular job for a particular employer is not sufficient to establish a handicap; the impairment must substantially limit employment generally."); *Sharp v. Abate,* 887 F.Supp. 695, 699 (S.D.N.Y.1995) ("An impairment that limits an employee's ability to perform only one job is not a disability under the ADA.") (citations omitted); *see* § 1630.2(g); *McDonald v. Department of Pub.*

*also* 29 C.F.R. § 1630.2(j)(3)(i) (stating that "the inability to perform a single particular job does not constitute a substantial limitation in the major life activity of working"). In fact, every circuit that has considered this issue has held that an inability to perform a single particular job does not constitute a substantial limitation of the individual's ability to work. *See Heilweil,* 32 F.3d at 723–24 (citing cases from the 1st, 4th, 7th, 8th, and 10th circuits that hold that a person's inability to perform a specific job for a specific employer does not substantially limit a person's ability to work).

In *Daley v. Koch,* 892 F.2d 212 (2d Cir. 1989), a case factually similar to the present case, the plaintiff had passed the written examination for a position with the police department but was rendered unsuitable to be a police officer on the basis of his psychological examination which found that he showed "poor judgment, irresponsible behavior and poor impulse control." *Id.* at 214. The applicant brought suit under the Rehabilitation Act, alleging that the Police Department regarded him as having an impairment that substantially limited a major life activity, thus qualifying him as a handicapped person entitled to relief under the Act. *Id.* at 215. In granting summary judgment to the defendants, the Court held that the plaintiff was not a handicapped person within the meaning of the Act. Specifically, the Court held that " 'poor judgment, irresponsible behavior and poor impulse control' do not amount to a mental condition that Congress intended to be considered an impairment which substantially limits a major life activity and therefore a person having those traits or perceived as having those traits cannot be considered a handicapped person within the meaning of the Act." *Id.* Additionally, the Court proclaimed that the applicant "does not qualify as a handicapped person under the Act simply because he was rejected for employment by the Police Department." *Id.* at 216.

▇▇▇ In the present case, plaintiff has not satisfied his burden of pleading that he has a disability within the meaning of the ADA. *Welfare,* 62 F.3d 92, 95 (3d Cir.1995).

While plaintiff passed the written examination to become a Correction Officer, he was not hired for the position because he failed to meet the psychological requirements for the position. Plaintiff brought the instant action, alleging that defendants regarded him as having a mental disability because the psychologist reported that he lacked the ability (1) to make decisions regarding security and safety in emergency situations, (2) to perform effectively and efficiently under stress and (3) to identify with potential or actual disruptive situations. In the report, however, plaintiff was not diagnosed as having a particular psychological disease or disorder. While plaintiff alleges that he was perceived to have a mental disability, the findings of the psychologist are tantamount to a finding that plaintiff has poor judgment in certain situations. Because such personality character traits do not amount to a disability under the ADA, plaintiff's claim must fail. *See Daley* 892 F.2d at 215 ("'poor judgment, irresponsible behavior and poor impulse control' do not amount to a mental condition that Congress intended to be considered an impairment which substantially limits a major life activity"); 29 C.F.R. § 1630.2(h) (definition of disability does not include "common personality traits such as poor judgment or a quick temper where these are not symptoms of a mental or psychological disorder").

 Moreover, even if plaintiff had demonstrated a perceived impairment within the meaning of the statute, plaintiff has not satisfied his burden of pleading that such impairment substantially limits one or more of his major life activities. While work is considered a major life activity, the inability to perform a single particular job does not constitute a substantial limitation of the individual's ability to work. Here, plaintiff alleges that he has worked successfully in other positions, namely that of campus security guard, volunteer firefighter and emergency medical technician. Because plaintiff has pleaded that his perceived mental disability only prohibits him from working as a New York Correction Officer, and has alleged facts showing that he has not been limited from employment in general, plaintiff has failed to plead a that he has a disability within the meaning of the ADA.

*CONCLUSION*

Because plaintiff has not alleged facts demonstrating that he was discriminated against on the basis of a perceived statutorily prescribed mental impairment, defendants' motion to dismiss the complaint is GRANTED, and plaintiff's complaint is dismissed with prejudice.

SO ORDERED.