**Jeffrey DeFILIPPO, Plaintiff,**

**v.**

**GMRI, INC., d/b/a Red Lobster, Greg Cohen & Jeffrey Rothenberg, Defendants.**

**No. 97 Cv. 0611.**

United States District Court, E.D. New York.

June 30, 1998.

Andrew Schatkin, Westbury, NY, for Plaintiff.

Bryan A. McKenna, Jacob, Medinger & Finnegan, New York City, Devon L. Gosnell, John M. Russell, McKnight, Hudson, Ford & Harrison, Memphis, TN, for Defendants.

## MEMORANDUM & ORDER

GLASSER, District Judge.

### BACKGROUND

Plaintiff Jeffrey DeFilippo was employed from April 1993 until November 1995 by defendant GMRI as a server in its Red Lobster restaurant in Hicksville, New York, which is known as Red Lobster store # 313. Am.Compl. ¶¶ 5, 6. Defendant Greg Cohen is an Assistant Manager at store # 313 and defendant Jeffrey Rothenberg is the General Manager of that same restaurant. Am. Compl. ¶¶ 7, 9.

In August of 1995, plaintiff informed Greg Cohen that plaintiff's HIV test had proven negative. Upon hearing this information, Cohen allegedly stated: "I use[d] to work in a lab and HIV can live in the body eight years." Am.Compl. ¶ 8. Plaintiff further alleges that thereafter both Cohen and Rothenberg began to harass plaintiff. Such harassment included "informing a caller he no longer worked there, when he in fact did and not providing professional bartending services while threatening Mr. DeFilippo when he attempted to make his drinks for his customer." Am.Compl. ¶ 10. "[F]rom August 1995 coworkers of Mr. DeFilippo were encouraged, emboldened, and favored by Mr. Cohen and Mr. Rothenberg to harass, pressure and generally deny the plaintiff his dignity as a human being." Am.Compl. ¶ 12. Plaintiff alleges that this harassment was because of plaintiff's "apparent homosexuali-

ty, compounded by Mr. Cohen's and Mr. Rothenberg's fear of HIV." Compl. ¶ 13. When plaintiff complained of this harassment to the regional director for GMRI, he was told, allegedly, that "[w]e don't want to know about your sexual preference." Compl. ¶ 15.

Finally, on November 24, 1995, "a co-worker of Mr. DeFilippo refused to assist him in serving customers as was the generally accepted practice set forth in the Red Lobster 'Job Description' for the job title server.... That due to the previous continual harassment, plaintiff Mr. DeFilippo in total exasperation, uttered the word 'Bitch.' This utterance was then perversely labeled a 'profanity', resulting in the termination of Mr. DeFilippo." Compl. ¶¶ 16, 17.

Plaintiff, after his termination, pursued GMRI's internal grievance and review procedure, Lobster Peer Review. At this review, plaintiff's termination was reviewed by a group of five panelists, who were randomly selected from other Red Lobster locations in the New York area. Three of these employees were hourly workers and two were managerial employees. On January 3, 1996, the review board denied plaintiff's request for reinstatement.

On April 30, 1996, plaintiff filed a verified complaint with the State Division of Human Rights charging unlawful discriminatory practice relating to employment because of disability. After an investigation, the Division of Human Rights determined that there was no probable cause to believe that GMRI engaged in the unlawful discriminatory practice complained of: "The record indicated that the complainant was terminated for a legitimate, non-discriminatory reason in accordance with company policy."

Plaintiff then filed the present lawsuit claiming a violation of the Americans with Disabilities Act, a violation of the Rehabilitation Act, and intentional infliction of emotional distress. Defendants now move for summary judgment under Rule 56 of the Federal Rules of Civil Procedure on all claims.

### DISCUSSION

*Local Rule 56.1 Requirements*

At the outset it must be noted that plaintiff, who is the non-movant in the present action, has failed to provide a 56.1 statement as required by the local rules of this court. Local Civil Rule 56.1 states:

(a) Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.

(b) The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried.

(c) All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

(d) Each statement of material fact by a movant or opponent must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e).

Defendants-movants have included a 56.1 "Statement of Uncontested Facts" in their motion for summary judgment. Since plaintiff has not submitted his own 56.1 statement, all of the facts asserted in defendants' statement will be deemed admitted.

*Summary Judgment Standard*

Summary judgment under Rule 56 is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the burden of proof on such motion. *See United States v. All Funds,* 832 F.Supp. 542, 550–51 (E.D.N.Y.1993).

A genuine factual issue exists if there is sufficient evidence favoring the nonmovant

such that a jury could return a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The nonmoving party, however, "must do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548.

"Summary judgment should be employed sparingly in employment discrimination cases where the employer's intent, motivation, or state of mind are at issue." *Scott v. Flaghouse, Inc.*, 980 F.Supp. 731, 733 (S.D.N.Y.1997) (citing *Gallo v. Prudential Residential Serv.*, 22 F.3d 1219, 1224 (2d Cir.1994); *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir.1988)). Nevertheless, a plaintiff "is not entitled to a trial simply because the determinative issue focuses upon the defendant's state of mind." *Dister*, 859 F.2d at 1114.

### Americans with Disabilities Act

The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, makes it an unlawful employment practice for an employer to discharge or otherwise discriminate in terms, conditions, or privileges of employment against an employee because of that employee's disability. In order to survive a motion for summary judgment on a discrimination claim, the plaintiff must establish a prima facie case by producing evidence sufficient to support a reasonable inference of discrimination. *Foster v. Arcata Assoc., Inc.*, 772 F.2d 1453, 1459 (9th Cir.1985). Specifically, the plaintiff must show: (1) that he is disabled within the meaning of the ADA; (2) that he is otherwise qualified to perform the essential functions of his job; and (3) that he suffered the adverse employment action because of his disability. *Heilweil v. Mount Sinai Hosp.*, 32 F.3d 718, 722 (2d Cir.1994).

### Definitions of Disability

Under the ADA, the term 'disability' means (A) a physical or mental impairment that substantially limits one or more of a person's major life activities; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(2).

Here plaintiff does not allege that he is or was physically impaired in any way. Rather, he argues that he is "regarded" as having an impairment. "Although few 'perceived disability' cases have been litigated," *Greenberg v. New York State*, 919 F.Supp. 637, 641 (E.D.N.Y.1996) (citing *Cook v. Rhode Island Dep't of Mental Health, Retardation & Hosps.*, 10 F.3d 17, 22 (1st Cir. 1993)), the regulations implementing the ADA set forth several ways in which a person can establish that he is an individual who is "regarded as having a disability." In order for an individual to prevail on a perceived disability claim, he must show (1) that the employer treated plaintiff as having an impairment that substantially limited one or more of his major life activities and (2) that either (a) while plaintiff had a physical or mental impairment, it was not substantially limiting or (b) that plaintiff did not suffer at all from a statutorily prescribed physical or mental impairment. *See id.* (citing 29 C.F.R. § 1630.2(*l*)). Although the EEOC regulations are "not controlling upon the courts by reason of their authority, [they] do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986).

Plaintiff presents the following allegations to support his contention that defendants regarded plaintiff as HIV positive: The statement allegedly made by defendant Greg Cohen, who after learning that plaintiff was HIV negative, told plaintiff that he used to work in a lab and HIV can live in the body for eight years; the "manner [in which plaintiff] ma[de] drinks was attacked by Mr. Rothenberg"; a friend who called for plaintiff was told he was no longer was employed there; plaintiff was told by a co-worker that "Management" was on a campaign to fire

him and that he belonged in a "psycho house"; plaintiff was not permitted to prepare food when another worker noticed a cut on plaintiff's arm; plaintiff was told by another employee that a customer did not want to sit at his table because he was gay; and plaintiff was criticized for using his hands to put ice cubes in a glass. Plaintiff also states that he was called HIV positive and gay by several coworkers.

■ First, it is noted that most of these statements are inadmissible hearsay and cannot be considered on a motion for summary judgment. *See Schwimmer v. Sony Corp. of America*, 637 F.2d 41, 45 n. 9 (2d Cir.1980) (hearsay "evidence" is a nullity on a motion for summary judgment). Furthermore, paragraph 44 of defendants' 56.1 statements asserts: "Cohen never worked for a laboratory or similar facility and never made any statement to Plaintiff that he did." Since plaintiff has not challenged this statement in a 56.1 statement of his own, defendants' statement is deemed to be admitted.[1] Thus plaintiff has, essentially, presented no evidence whatsoever that defendants believed plaintiff to have an impairment at all much less that defendants believe plaintiff to have an impairment that substantially limits one or more of his major life activities. Plaintiff, therefore, has failed to make out a prima facie case of employment discrimination. *See, e.g., Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir.1991) (Bald assertions or conjecture unsupported by evidence are insufficient to overcome a motion for summary judgment); *Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir.1990) (same).

Additionally, despite his contention to the contrary, plaintiff's termination did not occur under circumstances that would give rise to an inference of discrimination. Plaintiff was fired after calling a co-worker a "bitch" in front of a table of customers that included a nine-year-old girl and then lying about the incident to his manager. Defs' 56.1 Statement ¶¶ 17–28. Plaintiff has admitted that

this conduct did indeed occur. And, plaintiff admits that he can offer no proof that any other employee was treated differently for similar conduct. Defs' 56.1 Statement ¶ 40 (citing DeFilippo Dep. pp. 136–37, 220). In fact, defendant Rothenberg has terminated two other individuals, Marsha Borders and Geralyn Martucci, for using profanity where guests could hear them. Defs' 56.1 Statement ¶ 45.

Such circumstances clearly do not suggest a discriminatory motive for plaintiff's termination. Indeed, plaintiff's termination was reviewed by a group of five randomly-chosen panelists from other Red Lobster locations in the New York area, who had never met defendant previously. This review board denied plaintiff's request for reinstatement, finding that the decision to terminate plaintiff was handled according to company policy. Defs' 56.1 Statement ¶ 37. Similarly, this court has seen no evidence to suggest that plaintiff was fired for any reason other than that stated by defendants. Plaintiff's claims under the ADA is, therefore, dismissed.

*The Rehabilitation Act*

■ The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...." 29 U.S.C. § 794(a). Therefore, to make out a prima facie case of discrimination under the Act, a plaintiff must show that (1) he has a disability under the Act; (2) he is otherwise qualified to perform the job; (3) he was discharged because of his handicap; and (4) the employer is a recipient of Federal financial assistance. *See Heilweil v. Mount Sinai Hospital*, 32 F.3d 718, 722 (2d Cir.1994).

Defendant GMRI has stated that it is not a recipient of Federal financial assistance, Defs. 56.1 Statement, ¶ 46, which is a prerequisite to liability under the Act. Plaintiff has

---

**1.** Even if it were true that defendant Cohen stated that he did work in a lab and that HIV can live in the body for eight year, this alone would not be sufficient to make out a prima facie case under the ADA. *See* DeFilippo Deposition at 128:

Q: Do you base your claim that you were perceived to be HIV positive on anything other than that statement by Greg Cohen?
A: No.

**250**

offered no evidence to the contrary. Therefore, plaintiff's Rehabilitation Act claim is dismissed.

*Intentional Infliction of Emotional Distress*

Plaintiff's claim for intentional infliction of emotional distress was dismissed at oral argument, which took place on June 19, 1998.

### CONCLUSION

Defendants' motion for summary judgment is granted and plaintiff's complaint is dismissed in its entirety.

SO ORDERED.