OPINION OF THE COURT
 

 Chief Judge Wachtler.
 

 Plaintiffs seek a judgment, among other things, declaring the zoning ordinance of the Town of Brookhaven void in its entirety because of the Town’s failure to exercise its zoning power (Town Law § 261) to enable development of sufficient low-cost shelter and ordering the Town to take affirmative action to rectify the perceived housing shortage. Both lower courts held that the Town of Brookhaven properly exercised its land use authority. In view of the affirmed findings, and because plaintiffs in this litigation, in essence, ask this court to undertake the legislative function of rezoning the Town of Brookhaven, we must affirm the order of the court below.
 

 I
 

 The facts of this case, as well as a description of the pertinent provisions of the zoning ordinance at issue, are fairly set forth in the opinion of the Appellate Division (109 AD2d 323). In essence, plaintiffs allege that there is a critical need for low-cost, multifamily rental housing, the development of which the Town is accused of actively discouraging through its zoning practices. Although plaintiffs originally contended that the Town ordinance itself contained several exclusionary devices (among them, excessive minimum acreage and site area requirements), they concede on this appeal that the ordinance "on its face does not betray the Town’s opposition” to low-income, multifamily housing. Their core contention is
 
 *129
 
 that the Town has impeded low-income housing through its
 
 implementation
 
 of the ordinance. Plaintiffs point to the requirement that a developer wishing to construct any housing other than a single-family dwelling obtain a special permit. Thus, under the Brookhaven zoning scheme, a developer may apply for permission to "cluster” developments in single-family residential districts ("the section 281” application)
 
 (see,
 
 Town Law § 281). Only after a public hearing may the Town Board by resolution grant the developer permission to build multifamily housing at densities already allowed in the underlying single-family zone. Alternatively, a developer may apply for rezoning to one of two multifamily (MF-1 or MF-2) districts —a process that allows development at densities higher than those allowed in the single-family zones, but, according to plaintiffs, like the "section 281” application, exposes approval of the project to vehement community opposition. The plaintiffs allege that the failure of the Town to "pre-map” some 49,100 acres of vacant land for multifamily housing has two principal effects: first, it inflates the cost of housing because a developer must submit to a protracted and expensive approval process; and, second, the process usually ends in failure because the Town Zoning Board inevitably bows to strong public sentiment against low-cost housing projects.
 

 Both lower courts concluded that plaintiffs had failed to overcome the presumption of the constitutionality of the Brookhaven zoning ordinance, a conclusion we now affirm.
 

 II
 

 A town’s power to zone is derived entirely from the State
 
 (Matter of Golden v Planning Bd.,
 
 30 NY2d 359, 369-370,
 
 appeal dismissed
 
 409 US 1003). Pursuant to statute, a town board is authorized to enact an ordinance "[f]or the purpose of promoting the health, safety, morals, or the general welfare of the community” (Town Law § 261;
 
 Berenson v Town of New Castle,
 
 38 NY2d 102, 107). Implicit in our rulings is a recognition of the principle that a municipality may not legitimately exercise its zoning power to effectuate socioeconomic or racial discrimination
 
 (Berenson v Town of New Castle, supra,
 
 38 NY2d, at 108;
 
 Matter of Golden v Planning Bd., supra,
 
 30 NY2d, at 378). Thus, we have scrutinized carefully the talismanic invocation of seemingly legitimate police power purposes
 
 (see,
 
 Town Law §§ 261, 263) by municipalities to discern whether they seek to conceal exclusionary zoning practices
 
 *130
 

 (see, e.g., Robert E. Kurzius, Inc. v Incorporated Vil. of Upper Brookville,
 
 51 NY2d 338;
 
 Berenson v Town of New Castle, supra; Matter of Golden v Planning Bd., supra).
 

 In this case, however, our scope of review is limited by affirmed factual findings, for which there is support in the record
 
 (Huntley v State of New York,
 
 62 NY2d 134). Here, both lower courts found that numerous developer applications for multifamily and subsidized housing were approved despite the special permit procedures. Moreover, there are affirmed findings that a significant reason for inadequate development of low-cost, multifamily housing was not, as plaintiffs claim, the chilling effect of the application procedures but the lack of developers willing to undertake such projects due to factors such as rising construction and financing costs and economic stagnation. Plaintiffs, in sum, have failed to demonstrate that efforts by the Town caused the claimed shortage of shelter.
 

 We need not address whether the Town of Brookhaven zoning ordinance also meets the standards set forth in
 
 Berenson v Town of New Castle
 
 (38 NY2d 102,
 
 supra).
 
 In
 
 Berenson,
 
 plaintiffs challenged only the
 
 facial
 
 validity of a per se exclusion of multifamily dwellings from á zoning ordinance
 
 (see also, Robert E. Kurzius, Inc. v Incorporated Vil. of Upper Brookville,
 
 51 NY2d 338,
 
 supra).
 
 Plaintiffs here challenge not facial validity, but illegitimate implementation of the ordinance; as we have already held, there has been a failure of proof on this point.
 

 Ill
 

 Zoning, we have already recognized, is an essentially legislative task, and it is therefore anomalous that courts should be required to perform the tasks of a regional planner
 
 (Robert E. Kurzius, Inc. v Incorporated Vil. of Upper Brookville, supra,
 
 51 NY2d, at 347;
 
 Berenson v Town of New Castle, supra, 38
 
 NY2d, at 111). The present plaintiffs, none of whom has proved that he or she has been denied housing by virtue of the Town’s zoning practices,
 
 *
 
 ask the courts to undertake radical rezoning of some 49,100 acres of vacant residential land and an unspecified number of parcels. They seek this relief although they have failed to present a direct challenge to the denial of a specific special permit application pertaining to a
 
 *131
 
 particular parcel affected by defendants’ land use practices
 
 (see, Klostermann v Cuomo,
 
 61 NY2d 525, 535 ["(t)he paramount concern is that the judiciary not undertake tasks that the other branches are better suited to perform”];
 
 Berenson v Town of New Castle, supra,
 
 38 NY2d, at 111;
 
 Commonwealth of Pa. v County of Bucks,
 
 8 Pa Cmwlth 295, 302 A2d 897 [citing
 
 Baker v Carr,
 
 369 US 186, 217],
 
 cert denied
 
 414 US 1130).
 

 The desirability of a more particularized claim directed at a specific parcel of land or project or plan for housing is apparent from our cases. Historically, the law of zoning in this State has been concerned with development of
 
 individual
 
 plats
 
 (Matter of Golden v Planning Bd., supra,
 
 30 NY2d, at 372;
 
 see, e.g., Levitt v Incorporated Vil. of Sands Point,
 
 6 NY2d 269;
 
 Arverne Bay Constr. Co. v Thatcher,
 
 278 NY 222). In more recent years, we have required a regional approach — the considered balance of development of the individual parcel with implementation of a comprehensive plan, taking into account community needs
 
 (Berenson v Town of New Castle, supra,
 
 38 NY2d, at 110-111). This approach is necessary to ensure the interests of the public by counterbalancing the parochial tendency of local planning boards to insulate their communities from an influx of "less desirable” residents.
 

 In sum, plaintiffs in this case propose no solution short of drastic, essentially legislative intervention by the judiciary
 
 (Berenson v Town of New Castle, supra,
 
 38 NY2d, at 111;
 
 see also, Board of Educ. v Nyquist,
 
 57 NY2d 27, 38-39,
 
 appeal dismissed
 
 459 US 1138;
 
 Matter of Storar,
 
 52 NY2d 363, 382-383,
 
 cert denied
 
 454 US 858). It should be emphasized that our decision does not mean that any of the present plaintiffs will be denied low-income housing. As noted, the plaintiffs include institutions which obviously have no personal housing needs and certain designated individuals. The institutional plaintiffs concede on this appeal that the individual plaintiffs cannot be located and thus their present housing needs cannot be determined. This factor underscores the abstract character of the case and of the relief sought. Moreover, although we affirm the disposition of the Appellate Division here, we note that "today’s decision [should not] be read as revealing hostility to breaking down even unconstitutional zoning barriers that frustrate the deep human yearning of low-income and minority groups for decent housing they can afford in decent surroundings”
 
 (Warth v Seldin,
 
 422 US 490, 528-529 [Brennan, J., dissenting]). In view of the affirmed factual findings, however,
 
 *132
 
 we decline to take the legislative action urged by plaintiffs in the context of this lawsuit.
 

 Accordingly, the order of the Appellate Division should be affirmed, without costs.
 

 Judges Simons, Kaye, Hancock, Jr., and Bellacosa concur; Judge Alexander concurs in result only; Judge Titone taking no part.
 

 Order affirmed, without costs.
 

 *
 

 Plaintiffs are public interest organizations, low-income individuals already residing within the Town or in Suffolk County, and Brookhaven taxpayers.