■ CREATIVE TRADING COMPANY, INC., et al., Respondents, v LARKIN-PLUZNICK-LARKIN, INC., Doing Business as NATIONAL FASHION & BOUTIQUE SHOW, et al., Appellants.—Order of the Supreme Court, New York County (Alfred M. Ascione, J.), entered on January 14, 1987, which denied defendants' motion pursuant to CPLR 3211 to dismiss the third and fourth causes of action, is unanimously reversed on the law and the motion granted with leave to plaintiffs to replead, without costs or disbursements.

Plaintiffs are small businesses engaged in the retailing of women's clothing, accessories and jewelry. Defendants organize and sponsor fashion and boutique shows and, in that regard, produced the National Fashion and Boutique Show, which was held at the Jacob Javits Convention Center on May 17th through 20th of 1986. It is plaintiffs' contention that defendants, as a result of their contracts and arrangements with the Javits Convention Center, advertising firms, manufacturers and others, have gained exclusive control over exhibition space at this most premier of trade shows and throughout the metropolitan area. According to plaintiffs, defendants have utilized their monopoly power to allocate the most desirable space to favored exhibitors and then sell the booths having the poorest location and access to smaller exhibitors at exactly the same charge per square foot. Thus, plaintiffs urge, the smaller exhibitors have been placed at a substantial competitive disadvantage in relation to the favored ones, and, in effect, the former are forced to subsidize the latter.

Plaintiffs' complaint contains four causes of action, the third and fourth of which derive from New York's antitrust law, section 340 of the General Business Law, commonly known as the Donnelly Act. Defendants moved pursuant to CPLR 3211 to dismiss the third and fourth causes of action for legal insufficiency. In denying the motion, the Supreme Court determined that in view of the principle favoring the liberal construction of pleadings, plaintiffs' factual assertions are adequate to make out a cognizable cause of action. Defendants have appealed.

A party claiming a violation of the Donnelly Act, which was modeled on the Federal Sherman Antitrust Act (15 USC § 1; *see, State of New York v Mobil Oil Corp.,* 38 NY2d 460), must identify the relevant product market, describe the nature and effects of the purported conspiracy and allege how the economic impact of that conspiracy is to restrain trade in the market in question *(International Tel. Prods. v Twentieth Century-Fox Tel. Div.,* 622 F Supp 1532 [SD NY 1985]). While the complaint herein sufficiently pleads these elements, there is one further requirement for a valid claim under the Donnelly Act, the lack of which renders plaintiffs' third and fourth causes of action defective. As the Court of Appeals declared in *State of New York v Mobil Oil Corp. (supra,* at 464), in discussing the type of contract or agreement deemed by the statute to constitute an unlawful restraint of trade, "the term, 'arrangement' * * * must be interpreted as contemplating a reciprocal relationship of commitment between two or more legal or economic entities similar to but not embraced within the more exacting terms, 'contract', 'combination' or 'conspiracy' ". Thus, the Donnelly Act mandates that there be a conspiracy or reciprocal relationship between two or more entities before liability can be found *(see also, Saxe, Bacon & Bolan v Martindate-Hubbel, Inc.,* 710 F2d 87 [2d Cir 1983]; *International Tel. Prods. v Twentieth Century-Fox Tel. Div., supra).*

In the instant situation, defendant Larkin-Pluznick-Larkin, Inc., doing business as National Fashion & Boutique Show, is a corporation of which the individual defendants are all officers or agents. Plaintiffs have failed to identify any alleged coconspirator(s) and may not remedy the defect in their complaint by asserting, in conclusory fashion, the existence of a generalized conspiracy arising out of defendants' various contracts and arrangements or by referring to unilateral business actions taken by them *(see, International Tel. Prods. v Twentieth Century-Fox Tel. Div., supra).* Consequently, the third and fourth causes of action should be dismissed with leave to plaintiffs to replead in accordance with the foregoing. Concur —Kupferman, J. P., Sullivan, Ross and Milonas, JJ.