(May 8, 1995)

■ Azad K. Anand et al., Respondents, v Om P. Soni et al., Appellants. [626 NYS2d 830] —In an action, *inter alia,* to recover damages for violation of General Business Law § 340 (the Donnelly Act), the defendants appeal from so much of the order of the Supreme Court, Suffolk County (Floyd, J.), dated March 26, 1993, as denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The factual background of this action may be found for the most part in the third-party action stemming from *Long Is. Diagnostic Imaging v Stony Brook Diagnostic Assocs.* (215 AD2d 450 [decided herewith]), with the following relevant additional history: Azad Anand, a licensed physician, and two of the professional corporations of which he is the owner, commenced the instant action against the defendants herein, some of whom are the third-party plaintiffs in the companion case, as well as Om P. Soni, the sole shareholder and chief executive officer of one of the third-party defendants in the companion action, and certain other corporate and noncorporate entities with which Soni is or has been associated to various degrees.

In the instant case, the primary issue is whether the plaintiffs sufficiently stated a cause of action under the Donnelly Act (General Business Law § 340), specifically that the defendants' actions restrained competition and attempted to establish a monopoly in leasing radiology equipment and in providing administrative and management services to physicians engaged in private radiological practice.

In the amended complaint, the plaintiffs allege, among other things, that the defendants attempted to persuade a manufacturer of radiology equipment not to finance equipment sales to the plaintiff Anand; advised their employees that if they applied for employment with the plaintiffs' businesses they would be terminated and "blackball[ed]"; con-

tacted insurance carriers and health maintenance organizations, including U.S. HealthCare, and requested that these entities not renew their contracts with the plaintiffs, and demanded that existing contracts with the plaintiffs be reformed so as to run in favor of the defendants.

Upon review of the record, we find that the plaintiffs have alleged sufficient anti-competitive conduct by the defendants to support a claim under the Donnelly Act *(see generally, Creative Trading Co. v Larkin-Pluznick-Larkin, Inc.,* 136 AD2d 461, 462, *on reh* 148 AD2d 352, *revd on other grounds* 75 NY2d 830). The plaintiffs have identified the relevant product market, described the nature and effects of the purported conspiracy, alleged how the economic impact of that conspiracy does or could restrain trade in the market and set forth a conspiracy or a reciprocal relationship between two or more legal or economic entities *(see, Creative Trading Co. v Larkin-Pluznick-Larkin, Inc.,* 136 AD2d, *supra,* at 462).

The Supreme Court correctly denied the defendants' motion to dismiss the complaint in its entirety since it is well settled that if a motion attacks the entire complaint, the motion must be denied if even one cause of action is sustained *(see, Martirano Constr. Corp. v Briar Contr. Corp.,* 104 AD2d 1028, 1029).

In light of the foregoing, we need not reach the defendants' remaining contentions. Miller, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.