■ LONG ISLAND DIAGNOSTIC IMAGING, P. C., Plaintiff, v STONY BROOK DIAGNOSTIC ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Respondents. AZAD ANAND, Third-Party

Defendant-Appellant. [626 NYS2d 828] —In an action for a judgment declaring that the corporate plaintiff is not in default under an agreement with the defendants, the third-party defendant Azad Anand appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated March 25, 1993, as denied his motion to dismiss the third-party complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed insofar as appealed from, with costs.

The third-party action stems from the primary action in which the plaintiff, Long Island Diagnostic Imaging, P. C. (hereinafter LIDI), asked for a judgment declaring that it is neither liable nor in default under an agreement with the defendants Stony Brook Diagnostic Associates and its general partner Advanced Diagnostic Asset Management, Inc. Under the agreement, the defendants licensed to the plaintiff LIDI radiology equipment, their administrative services, and the premises in Stony Brook, Long Island, from where the plaintiff LIDI through its sole stockholder and chief operating officer, Azad Anand, a licensed physician, rendered radiological services. Two years after the initial agreement was entered into, a noncompetitive agreement was entered into whereby Anand agreed for the duration of the initial agreement to practice radiological diagnostic imaging within Suffolk County exclusively from the facility at Stony Brook.

As third-party plaintiffs, the defendants in the primary action brought a third-party complaint consisting of 19 causes of action against Anand alleging, among other things, that Anand breached the original agreement and the non-competition agreement by diverting patients from the facility at Stony Brook to facilities in which he had an ownership interest, converting money owed to Stony Brook Diagnostic Associates, and tortiously interfering with the contractual relationships of Stony Brook Diagnostic Associates.

Anand moved to dismiss the third-party complaint in its entirety pursuant to CPLR 3211 (a) (7), arguing that "[t]he overwhelming majority of these causes of action improperly seek to impose individual liability on [him] for the corporate obligations of LIDI under the [agreements]". Anand did not give specific reasons to justify dismissal of the remaining causes of action but simply argued in his motion papers that "[t]he remaining claims suffer different, but equally fatal,

defects", and concluded by stating that the third-party complaint must be dismissed in its entirety.

The Supreme Court properly denied Anand's motion to dismiss since it is well settled that "a motion to dismiss for failure to state a cause of action will be denied in its entirety where the complaint asserts several causes of action, at least one of which is legally sufficient and where the motion is aimed at the pleading as a whole without particularizing the specific causes of action sought to be dismissed" (Martirano Constr. Corp. v Briar Contr. Corp., 104 AD2d 1028, 1029).

It is well settled that "where a shareholder uses a corporation for the transaction of the shareholder's personal business, as distinct from the corporate business, the courts have held the shareholder liable for acts of the corporation in accordance with the general principles of agency" (Port Chester Elec. Corp. v Atlas, 40 NY2d 652, 656-657). In the instant case, the complaint adequately alleges a cause of action against Anand since there are several allegations that claim that Anand as the sole shareholder and chief operating officer of the corporate plaintiff LIDI used the corporation merely as a conduit to conduct his personal business and thereby "ignored, circumvented or perverted the corporate form" (Perez v One Clark St. Hous. Corp., 108 AD2d 844, 845).

In light of the foregoing, we need not reach the third-party defendant's remaining contentions. Miller, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.