The **GREAT ATLANTIC & PACIFIC TEA COMPANY, INC.** Plaintiff,

v.

The **TOWN OF EAST HAMPTON** and The **Town Board of East Hampton,** Defendants.

No. CV 96–5610.

United States District Court, E.D. New York.

March 18, 1998.

Esseks, Hefter & Angel by John M. Wagner, Riverhead, NY, for Plaintiff.

Cahn Wishod & Lamb by Richard C. Cahn, Melville, NY, for Defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In this action challenging the validity and constitutionality of Local Law No. 17 of 1996 of the Town of East Hampton, County of Suffolk (the "Superstore Law"), the Town of East Hampton and the Town Board of East Hampton (collectively the "Town") move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for which relief can be granted. For the reasons set forth below, defendants' motion is granted in part and denied in part.

### FACTS

The following facts are taken from the complaint and are assumed to be true for the purpose of this motion. Plaintiff, The Great Atlantic & Pacific Tea Corporation ("A & P"), is a contract vendee of an approximately four acre parcel of land situated on Montauk Highway in the Town of East Hampton. The parcel, located in a "Neighborhood Business" zoning district under the Town's zoning code, bears structures and facilities that, for many years, were used as and in connection with a Gertz department store and, later, a Stern's department store. Retail stores are uses permitted as of right in a Neighborhood Business zone, and the Gertz and Stern's department stores constituted retail stores under the Town's zoning code prior to the adoption of the Superstore Law. Prior to enactment of the Superstore Law, the Town's zoning code 1) did not limit the size of buildings used for retail stores, other than the limitations resulting from lot coverage and off-street parking requirements; 2) did not define a "supermarket" as a separate use; and 3) did not define "retail stores" on the basis of floor areas or building sizes occupied by such stores.

On or about March 14, 1996, A & P filed with the Town's Planning Board an application for site approval for an A & P supermarket on the Montauk Highway site. The gross floor area of the proposed supermarket is 33,878 square feet with a 15,000 square foot cellar. The application conformed to the use and area restrictions of the Town's Neighborhood Business zoning district under

the Town's zoning code as it then existed. On or about April 5, 1996, the Town Board passed resolution No. 401 adopting Local Law No. 3 of 1996 (the "Moratorium Law"), which became effective April 10, 1996. The Moratorium Law prohibited the Town, for a six month period after enactment, from granting site plan approvals for the establishment of retail stores with gross floor areas exceeding 20,000 square feet. The Moratorium Law also barred the Town, for a six month period, from determining that an application for site plan approval was complete or scheduling a public hearing on any application for a site plan approval. A & P's pending application to build on the Montauk Highway site has not been approved.

In October 1996, the Town Board of the Town of East Hampton adopted and filed with the State of New York the Superstore Law, amending Chapter 153 of the East Hampton Town Code to restrict the establishment of large retail stores within East Hampton, particularly outside of the Central Business zone. The Superstore Law defines a "superstore" as a retail store located within a building whose gross floor area equals or exceeds 10,000 square feet. A "supermarket" is defined as a superstore in which food and/or beverages constitute the predominant goods for sale. The Superstore Law prohibits the establishment of superstores and supermarkets except in the Central Business zoning district. Moreover, even within the Central Business district, a building used for a superstore may not have a gross floor area greater than 15,000 square feet, and a building used as a supermarket may not have a gross floor area greater than 25,000 square feet. Consequently, because A & P's proposed supermarket exceeds 25,000 feet, it cannot be established in either the Central Business or Neighborhood Business zones. Under the terms of the Superstore Law, A & P would be barred from establishing even a 10,000 square foot supermarket at the Montauk Highway site.

Plaintiff further alleges that 1) the Superstore Law was passed with the intent, and has the effect, of rendering unapprovable its pending application to develop a 33,878 square foot supermarket anywhere in the Town; 2) the Town's motive in passing the Superstore Law was to prevent A & P from establishing a superstore that would be capable of offering the public a wider variety of merchandise at lower prices than existing retail stores in the Town, thereby limiting competition to existing stores; and 3) the Town further intended to discriminate against entities wishing to establish superstores and against persons who lack the economic means to purchase goods at higher prices from existing Town merchants or lack the resources to travel to superstores located outside the Town. Plaintiff asserts that stores and buildings exceeding the statutory floor areas imposed by the Superstore Law do not threaten public health, public safety, public morals, or the general welfare to any greater degree than do stores and buildings that fall within the statutory limits.

A & P brings this suit against the Town, seeking a declaratory judgment that the Town's passage of the Superstore Law was beyond its legislative authority, and that the law itself violates the New York and federal constitutions in that it denies A & P due process and equal protection, and interferes with interstate commerce. A & P also asserts that the law violates 42 U.S.C. § 1983 and is an illegal restraint of trade under New York law.

### ANALYSIS

I. *Legal Standard Governing Motions to Dismiss*

The Second Circuit recently summarized the rules governing the disposition of motions to dismiss under Rule 12(b)(6):

A court's task in determining the sufficiency of a complaint is "necessarily a limited one." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The issue is not whether a plaintiff will or might ultimately prevail on her claim, but whether she is entitled to offer evidence in support of the allegations in the complaint. *Id.* "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Id.* A dismissal is warranted under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). In addition, in ruling on defendant's motion, the court must accept as true all the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff. *Hospital Bldg. Co. v. Trustees of Rex Hosp.,* 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976). *Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton College,* 128 F.3d 59, 62 (2d Cir.1997).

▮ A plaintiff need not set out in detail the facts upon which his claim is based, so long as he states his claim in a manner to give defendant fair notice of what his claim is and the grounds upon which it rests. *Greenberg v. New York State,* 919 F.Supp. 637, 640 (E.D.N.Y.1996) (citing *Conley,* 355 U.S. at 47). Therefore, where a complaint charges each element necessary to recover, dismissal of the case for failure to set out evidential facts can seldom be warranted. *Id.,* at 640 (citing *United States v. Employing Plasterers Ass'n,* 347 U.S. 186, 188–89, 74 S.Ct. 452, 98 L.Ed. 618 (1954)). Individual allegations, however, that are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains are meaningless as a practical matter and, as a matter of law, insufficient to state a claim. *Id.* (citing *Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir.1987)).

▮ In considering a motion to dismiss for failure to state a claim, a court must limit itself to the facts stated in the complaint or in documents attached to the complaint or incorporated by reference; if the court wishes to consider matters outside the pleadings, it must treat the motion as one for summary judgment. *Northrop v. Hoffman of Simsbury, Inc.,* 134 F.3d 41, 44 n. 2 (2d Cir.1997); *Kramer v. Time Warner,* 937 F.2d 767, 773 (2d Cir.1991). Affirmations or attachments to affirmations that are not part of the challenged pleading may not be considered. *Newman & Schwartz v. Asplundh Tree Expert Co.,* 102 F.3d 660, 662 (2d Cir. 1996).

The Court notes that the Town has submitted various exhibits in support of its motion. Plaintiff's counsel has submitted documents and his personal affidavit. However, to consider matters outside the pleadings, the Court must convert this Rule 12(b)(6) motion to dismiss into one for summary judgment under Rule 56. Discovery in this matter was stayed by Magistrate Judge Boyle on October 23, 1997, pending resolution of the instant, potentially dispositive motion. Because the Court believes it would be premature to consider a motion for summary judgment at this stage of the proceedings, the Court will not consider these materials.[1]

## II. *Plaintiff's Claims*

### A. *Ultra Vires Conduct*

▮ Plaintiff contends that the Town's passage of the Superstore Law was *ultra vires, i.e.,* beyond the legislative authority of the Town, because a Town's power to zone is delegated by the State and must be exercised pursuant to Section 261 of the Town Law. N.Y. Town Law § 261. Section 261 empowers a town to regulate the use of buildings and land only "for the purpose of promoting the health, safety, morals, or general welfare of the community." *Id.* Because the Super-

---

1. The Court further notes that plaintiff's counsel's twenty-five page affidavit is argumentative in the extreme and better characterized as a memorandum of law than an affirmation of facts within the personal knowledge of the affiant. Under the rules of this Court, legal memoranda are limited to thirty pages absent prior leave of the Court. *See* Rule 4, Individual Rules of Judge Leonard D. Wexler. Plaintiff's affidavit, submitted contemporaneously with a thirty page memoranda of law, is a thinly-disguised attempt to circumvent this Court's page limits. Further breaches of the rule will not be tolerated. More-

over, to the extent the affidavit is based on hearsay, rather than counsel's personal knowledge, it would not be considered even in response to a motion for summary judgment, let alone in response to the instant motion to dismiss. *See Union Ins. Soc. of Canton, Ltd. v. William Gluckin & Co.,* 353 F.2d 946, 952 (2d Cir.1965) (attorney affirmation not based on personal knowledge represents hearsay and is not considered on summary judgment motion); *Zielinski v. Companhia De Navegacao Maritima Netumar,* 460 F.Supp. 1179, 1184 (S.D.N.Y.1978) (same).

store Law does not promote the health, safety, morals, or general welfare of the community, plaintiff concludes, the Superstore Law constitutes legislation beyond the power delegated to the Town and, accordingly, is invalid.

Plaintiff's argument is unpersuasive because it rests on a conflation of two distinct concepts, namely, the delegation of power to zone and the improvident exercise of such delegated power. Regarding the delegation of power to zone, the Town correctly notes that the State has empowered town boards to enact and enforce zoning laws such as the Superstore Law. The Municipal Home Rule Law ("MHRL") expressly authorizes town boards to amend or supersede the provisions of the Town Law in connection with the adoption of any local law permitted by Section 10 of the MHRL. *See* N.Y. Mun. Home Rule § 10(1)(ii)(d)(3). Section 10 grants town boards the power to enact local laws as provided in the Statute of Local Governments ("SLG"). *See* Mun. Home Rule § 10(1)(ii)(a). The Statute of Local Governments, in turn, authorizes town boards to "adopt, amend and repeal zoning regulations." N.Y. Stat. Local Gov'ts § 10(6). It remains the general rule that laws enacted pursuant to the power delegated by the MHRL and the SLG may not be inconsistent with any general law of the state, such as the Town Law. *See* N.Y. Mun. Home Rule Law § 10(1)(i), (ii) (requiring consistency with general laws) and § 2(5) (defining a general law as a state statute that applies to all towns).

Plaintiff's claim, properly understood, is not that the Town lacks the power to zone but that the passage of the Superstore Law was an improvident exercise of that power because the Superstore Law does not promote the health, safety, morals or welfare of the Town as required by the Town Law. Plaintiff cites no authority, and the Court has found none, to suggest that a municipal corporation's enactment of a law facially within its power to enact is rendered *ultra vires* merely because the law is ill-conceived. Accordingly, the Court finds that the Superstore Law is not *ultra vires* and plaintiff's

first claim for relief is dismissed with prejudice.

**B.** *Improper and Abusive Exercise of Police Power*

Both the New York Court of Appeals and the Supreme Court have made clear that a municipal zoning ordinance predicated on the State's delegation of the police power will be struck down only if the ordinance bears no substantial relation to the police power objective of promoting the public health, safety, morals or general welfare. *See Trustees of Union College v. Members of the Schenectady City Council*, 91 N.Y.2d 161, 667 N.Y.S.2d 978, 690 N.E.2d 862, 1997 WL 800676, *2 (N.Y. Dec. 18, 1997) (citing *Berenson v. Town of New Castle*, 38 N.Y.2d 102, 378 N.Y.S.2d 672, 678, 341 N.E.2d 236 (N.Y. 1975) (zoning ordinance subject to constitutional challenge only if" 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare,' " quoting *Village of Euclid, Ohio v. Ambler Realty Co.*, 272 U.S. 365, 394, 47 S.Ct. 114, 71 L.Ed. 303 (1926))). "Thus, it necessarily follows that the validity of a zoning ordinance depends on the facts of the particular case and whether it is 'really designed to accomplish a legitimate public purpose.' " *Berenson*, 378 N.Y.S.2d at 678, 341 N.E.2d 236 (quoting *Wulfsohn v. Burden*, 241 N.Y. 288, 299, 150 N.E. 120 (1925)).

Plaintiff contends that the size restrictions imposed by the Superstore Law are wholly arbitrary, not in furtherance of any legitimate governmental purpose, do not bear a reasonable relationship either to the ends sought to be achieved by the law or to the public health, safety, morals, or welfare. Plaintiff expressly alleges that retail stores in excess of the gross floor area limits imposed by the Superstore Law do not threaten the public health, safety, morals or welfare to any greater degree than retail stores within the limits. Additionally, plaintiff states that the Superstore Law is, in fact, injurious to the general welfare by restricting the public's ability to take advantage of the product selection and price advantages offered by superstores. Plaintiff further contends that the size restrictions are designed to protect

the economic interests of the owners and operators of existing retail stores by protecting them from the competition of large retailers who are able to offer a wider variety of goods at lower prices.

Contrary to defendant's protestations, these are not conclusory allegations warranting dismissal. Plaintiff is not required to set out in detail the facts upon which his claim is based, so long as he states his claim in a manner to give defendant fair notice of what his claim is and the grounds upon which it rests. *Greenberg*, 919 F.Supp. at 640. Plaintiff's second claim for relief does so. The Court finds plaintiff to have sufficiently alleged that the Superstore Law is an unconstitutional exercise of the police power.

Defendant further argues that it is clear on the face of the Superstore Law that it was enacted for the purpose of promoting the general welfare and, hence, plaintiff's claim should be dismissed. Defendant's argument, however, misses the point because, on a motion to dismiss, the allegations of the complaint are accepted as true and all inferences favorable to the plaintiff are drawn from the allegations. Defendant also contends that a zoning ordinance based on the police power will be sustained "if on any interpretation of the facts known or reasonably to be perceived," the measure promotes the general welfare of the community. Def. Mem. at 8–9 (citing *Town of Huntington v. Park Shore Country Day Camp*, 47 N.Y.2d 61, 416 N.Y.S.2d 774, 776, 390 N.E.2d 282 (1979)). Defendant's chosen authority, however, clearly indicates that the determination of a zoning ordinance's constitutionality is a fact-based inquiry; at present, the Court has no facts before it, other than those plaintiff has alleged. If defendant believes that there are no facts from which plaintiff can make out a claim, then defendant may seek summary judgment after plaintiff has been afforded discovery to develop the facts pertinent to his challenge.

## C. *The Superstore Law Does Not Accord with a Comprehensive Plan*

■ Plaintiff, relying on the factual allegations cited previously, further contends that the Superstore Law was not adopted in accordance with any comprehensive plan for the Town as required by Town Law § 263 and, therefore, should be declared invalid. It is well settled that municipal zoning must accord with a comprehensive plan, *see Gernatt Asphalt Prods., Inc. v. Town of Sardinia*, 87 N.Y.2d 668, 642 N.Y.S.2d 164, 174, 664 N.E.2d 1226 (1996); *Udell v. Haas*, 21 N.Y.2d 463, 288 N.Y.S.2d 888, 895, 235 N.E.2d 897 (1968); N.Y. Town Law § 263. The rationale behind requiring zoning changes to accord with a comprehensive plan is to prevent ad hoc zoning legislation that affects the land of a few without proper regard to the needs or design of the community as a whole. *Gernatt Asphalt*, 642 N.Y.S.2d at 174, 664 N.E.2d 1226; *Town of Bedford v. Village of Mount Kisco*, 33 N.Y.2d 178, 351 N.Y.S.2d 129, 134, 306 N.E.2d 155 (1973). Zoning changes are permissible where they promote the general welfare and respond to changed conditions in the community. *Gernatt Asphalt* at 174, 664 N.E.2d 1226.

■ Thus, to determine whether a change in zoning is permissible requires a determination as whether the change conflicts with the fundamental land use policies and development plans of the community. *Id.* A court, by examining all available and relevant evidence of the municipality's land use policies, may satisfy itself that the municipality has a comprehensive plan and that the authorities are acting in the public interest to further it. *Asian Americans for Equality v. Koch*, 72 N.Y.2d 121, 531 N.Y.S.2d 782, 787, 527 N.E.2d 265 (1988). "When a zoning ordinance is amended, the court decides whether it accords with a well-considered plan ... by determining whether the original plan required amendment because of the community's change and growth and whether the amendment is calculated to benefit the community as a whole as opposed to benefitting individuals or a group of individuals." *Id.* These are fact-based questions that cannot be decided on a motion to dismiss.

■ Defendant contends that the party challenging a zoning enactment must demonstrate that the enactment stands in conflict with the fundamental land use policies of the town. That may be the case, but plaintiff need not make that demonstration in its com-

**349**

plaint. Nor does defendant adequately challenge the legal sufficiency of plaintiff's claim by arguing that the public records of the Town demonstrate that the Town did, indeed, adopt the Superstore Law after "thoughtful, comprehensive planning conducted with expert assistance." Def. Mem. at 14. As a threshold matter, these records are not before the Court. Moreover, even if they were, the mere fact that the Town's records paint a picture of thoughtful planning does not demonstrate that the Superstore Law, in fact, conforms to the comprehensive plan.

### D. Improper Exclusionary Zoning

Plaintiff, in its fourth claim for relief, contends that the Superstore Law illegally and unconstitutionally excludes from the Town those persons who wish to establish superstores, as well as persons who lack either the economic means to purchase goods at higher prices from existing retailers, or the physical means to travel to superstores located outside the Town.

Plaintiff's first contention, that the Superstore Law is a means of exclusionary zoning designed to keep it out of the Town, fails to state a claim for which relief can be granted. Exclusionary zoning has been defined as " 'land use control regulations which singly or in concert tend to exclude persons of low or moderate income from the zoning municipality.' " *Continental Bldg. Co. v. Town of North Salem,* 211 A.D.2d 88, 625 N.Y.S.2d 700, 704 (3d Dep't 1995) (quoting 1 Anderson, *New York Zoning Law and Practice* § 8.02, at 360 [3d ed.]); *see Suffolk Housing Servs. v. Town of Brookhaven,* 70 N.Y.2d 122, 517 N.Y.S.2d 924, 926, 511 N.E.2d 67 (1987) ("a municipality may not legitimately exercise its zoning power to effectuate socioeconomic or racial discrimination"). The rule against exclusionary zoning, however, does not apply "to prevent the exclusion of industrial uses." *Gernatt Asphalt,* 642 N.Y.S.2d at 173, 664 N.E.2d 1226. Thus, plaintiff's allegation that it was barred from establishing a superstore in the Town does not state a claim.

To the extent that plaintiff seeks to assert the rights of others, i.e., those who either lack the means to purchase at existing retailers, or lack the means to travel to superstores outside the Town, the claim fails because plaintiff lacks standing to assert the rights of others absent a showing that such third parties are unable to bring the action themselves are. As a rule, a party must assert his or her own legal rights and interests, and cannot rest the claim to relief on the legal rights or interests of third parties. *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). The rule serves the purpose of avoiding the adjudication of rights which those not before the Court may not wish to assert, as well as assuring that the most effective advocate of those rights is present to champion them. *Duke Power Co. v. Carolina Environ. Study Group, Inc.,* 438 U.S. 59, 80, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978). Accordingly, an exception to the rule applies only when 1) the third party's enjoyment of the right in question is inextricably bound up with the activity the litigant wishes to pursue and 2) the third party is unable to assert his or her own right. *Singleton v. Wulff,* 428 U.S. 106, 113–14, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). Plaintiff cannot meet the second prong of the exception. There is no reason that town residents aggrieved over a zoning law that blocks their access to superstores cannot assert their own rights. Accordingly, plaintiff will not be heard to assert those rights. Plaintiff's claim sounding in exclusionary zoning is dismissed with prejudice.

### E. Denial of Substantive Due Process

In its fifth claim for relief, plaintiff contends that the gross floor area restrictions are made applicable only to retail stores, but not to other commercial uses or to residential or industrial uses and, as such, are arbitrary, without any substantial or reasonable relationship to any legitimate governmental purpose, and in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the New York State Constitution.

The Town argues that, in the context of land use regulation, a plaintiff alleging a violation of due process must establish both that he has a property interest protected under the Constitution, and that he was deprived of the property interest by the arbi-

trary or irrational action of the defendant, i.e., actions that bear no reasonable relationship to any legitimate governmental purpose. Plaintiff, argues the Town, does not have a protected property interest in developing the Montauk Highway site and cannot establish that the Town's enactment of the Superstore Law was arbitrary or irrational.

 To state a substantive due process claim, a party must first establish that he had a valid property interest in a benefit that was entitled to constitutional protection at the time he was deprived of that benefit. *Zahra v. Town of Southold,* 48 F.3d 674, 680 (2d Cir.1995); *Brady v. Town of Colchester,* 863 F.2d 205, 211–12 (2d Cir.1988) (citing *Board of Regents v. Roth,* 408 U.S. 564, 576– 77, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). The Second Circuit uses a strict "entitlement" test to determine whether a party's interest in land-use regulation is protectable under the Fourteenth Amendment. *Gagliardi v. Village of Pawling,* 18 F.3d 188, 192 (2d Cir.1994);*RRI Realty Corp. v. Incorporated Village of Southampton,* 870 F.2d 911, 918 (2d Cir.1989); *Yale Auto Parts, Inc. v. Johnson,* 758 F.2d 54, 58–59 (2d Cir.1985). The party must further demonstrate that the defendant acted in an arbitrary or irrational manner in depriving him of the protected property interest. *See Crowley v. Courville,* 76 F.3d 47, 52 (2d Cir.1996).

 Plaintiff's complaint fails to allege that such a protected property interest exists. Indeed, plaintiff argues that the Second Circuit's "property interest" analysis is inapplicable to this case because there exists no permit or approval to be analyzed as a property interest. Pltf. Mem. at 23. Rather, plaintiff argues, this Court should disregard the entitlement analysis and focus solely on whether the Town's conduct was arbitrary and irrational. The " 'entitlement' inquiry in land use regulation cases" is well settled in the Second Circuit, which is cognizant of the position advocated by plaintiff, but has not adopted it, favoring the entitlement analysis instead. *See RRI Realty Corp.,* 870 F.2d at 917; *see also Crowley,* 76 F.3d at 52 (acknowledging that an analysis focusing only on arbitrariness and irrationality is plausible, but declining to adopt it over entitlement

analysis); *Zahra,* 48 F.3d at 680 (applying entitlement analysis); *Walz v. Town of Smithtown,* 46 F.3d 162, 167 (2d Cir.1995) (same); *Orange Lake Assocs. v. Kirkpatrick,* 21 F.3d 1214, 1220 (2d Cir.1994) (same). The Court declines to follow plaintiff's suggestion.

Alternatively, plaintiff suggests that the Superstore Law should be evaluated as a deprivation of plaintiff's liberty interest in being free from the abuse of governmental power, rather than as a deprivation of a property interest. Again, the Second Circuit has noted the argument and declined to apply it. *See RRI Realty Corp.,* 870 F.2d at 917 n. 4. Accordingly, the Court finds that plaintiff has not stated a claim for the denial of substantive due process under the United States Constitution.

 As for plaintiff's claim under the New York State Constitution, plaintiff correctly notes that the standard for evaluating a due process violation is the same as for a valid exercise of the police power as set forth in plaintiff's second claim. *Town of Pompey v. Parker,* 53 A.D.2d 125, 385 N.Y.S.2d 959, 963 (4th Dep't 1976), *aff'd,* 44 N.Y.2d 805, 406 N.Y.S.2d 287, 377 N.E.2d 741 (1978). Accordingly, plaintiff's substantive due process claim under the New York State Constitution will be stricken as duplicative of the police power claim previously advanced.

F. *Denial of Equal Protection of the Law*

Plaintiff further alleges that the Town, through enactment of the Superstore Law, has denied it the equal protection of law under the Fourteenth Amendment to the United States Constitution and Article I, Section 11 of the New York State Constitution. Plaintiff alleges that the gross floor area restrictions of the Superstore Law apply only to retail stores but not to residential, industrial, or other commercial uses, and, therefore, are wholly arbitrary, without rational basis, and without any substantial or reasonable relationship to any legitimate governmental purpose.

 It is well settled that the constitutional guarantee of equal protection is intended to keep "governmental decisionmakers from treating differently persons who are

in all relevant aspects alike." *Nicholas v. Tucker*, 114 F.3d 17, 20 (2d Cir.1997). Where the challenged decision, as here, does not burden a fundamental right or draw a distinction based on a suspect classification, the decision will be upheld if rationally related to a legitimate governmental purpose. *Id.* Plaintiff alleges, in essence, that it stands in the same position as a would-be builder of an industrial building having a floor area in excess of 10,000 square feet, that the industrial user would not be barred from building such a structure, but that plaintiff would be barred, and that there is no rational basis for that difference in treatment. Plaintiff clearly states an equal protection claim.

◼ The same allegations support an equal protection claim under Article I, Section 11 of the New York State Constitution, whose reach is co-extensive with the federal provision. *See Brown v. State*, 89 N.Y.2d 172, 652 N.Y.S.2d 223, 224 & n. 8, 674 N.E.2d 1129 (1996); *Under 21 v. City of New York*, 65 N.Y.2d 344, 492 N.Y.S.2d 522, 528 n. 6, 482 N.E.2d 1 (1985); *Dorsey v. Stuyvesant Town Corp.*, 299 N.Y. 512, 530 n. 6, 87 N.E.2d 541 (1949). The state provision similarly provides that social and economic legislation that neither classifies on the basis of a suspect class nor impairs a fundamental right will be upheld if the challenged classification is rationally related to the achievement of a legitimate state purpose. *See Trump v. Chu*, 65 N.Y.2d 20, 489 N.Y.S.2d 455, 458, 478 N.E.2d 971 (1985); *Maresca v. Cuomo*, 64 N.Y.2d 242, 485 N.Y.S.2d 724, 727, 475 N.E.2d 95 (1984).

### G. Unconstitutional Interference with Interstate Commerce

Plaintiff's seventh claim for relief alleges that the Town enacted the Superstore Law for the unconstitutional purpose of favoring local business and economic interests over out-of-state interests, and has the effect of interfering with interstate commerce because A & P sells goods that originate from outside of New York State.

◼ The Commerce Clause of the Constitution grants Congress the power to regulate commerce among the states and, by judicial expansion, has been found to limit the authority of states to enact laws that interfere with interstate commerce. *Sears, Roebuck & Co. v. Brown*, 806 F.2d 399, 405 (2d Cir.1986). A statute that directly regulates or discriminates against interstate commerce or favors intrastate economic interests over out-of-state interests will usually be held invalid *per se*. *Id.* Where the regulation regulates evenhandedly and has only an incidental impact on interstate commerce, the test is whether there is a legitimate local interest in the regulation and whether the burden on interstate commerce clearly exceeds the local benefits. *Id.*

◼ On the facts alleged, plaintiff fails to state a claim under the dormant Commerce Clause because the pleaded facts do not establish a nexus between the challenged regulation and interstate commerce. The Superstore Law may well be intended to favor small retailers over large retailers and, in that sense, be a form of economic protectionism. But that preference does not implicate interstate commerce where both intrastate and out-of-state large retailers are equally affected. Nor does the mere fact that A & P sells goods that originate from outside of New York State, even considered in the light most favorable to plaintiff, suggest that the Superstore Law, even incidentally, burdens interstate commerce. Plaintiff does not allege any fact tending to suggest that the Superstore Law has the effect of favoring New York goods over those from out-of-state. Plaintiff's seventh claim for relief is dismissed with leave to replead.

### H. Violation of 42 U.S.C. § 1983

◼ Plaintiff's eighth claim for relief alleges a deprivation of constitutional rights under the United States Constitution so as to state a claim under 42 U.S.C. § 1983. Although the statute is not itself a source of substantive rights, it is well settled that a plaintiff states a claim for relief under § 1983 by alleging that a person acting under color of state law subjected plaintiff to deprivation of a right secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816, 105 S.Ct. 2427, 85 L.Ed.2d 791

(1985) (Brennan, J., concurring); *Sykes v. James*, 13 F.3d 515, 519 (2d Cir.1993). Plaintiff here has properly pleaded the elements for a § 1983 claim by alleging that the defendants, by passing the Superstore Law, deprived it of its Constitutional right to equal protection, the sole federal right surviving the present motion to dismiss.

### I. *Violation of the "Donnelly Act"*

■ Plaintiff's ninth claim for relief asserts a state law claim under Section 340 of the New York State General Business Law, also known as the Donnelly Act. Plaintiff alleges that the Superstore Law "constitutes an illegal agreement ... with owners and operators of existing retail stores in the Town whereby competition in the sale of food and other products ... is or may be restrained in the relevant market," i.e., the Town and its surrounding areas. Comp. ¶ 99.

■ The Donnelly Act is patterned after the Sherman Anti–Trust Act (15 U.S.C. § 1 *et seq.*) and is generally construed in light of federal precedent. *See Anheuser–Busch, Inc. v. Abrams*, 71 N.Y.2d 327, 525 N.Y.S.2d 816, 820, 520 N.E.2d 535 (1988); *Creative Trading Co. v. Larkin–Pluznick–Larkin, Inc.*, 136 A.D.2d 461, 523 N.Y.S.2d 102, 103 (1st Dep't 1988). The Donnelly Act makes illegal and void any contract, arrangement or agreement that restrains competition in any business, or unlawfully interferes with the free exercise of any activity in the conduct of any business. N.Y. Gen. Bus. Law § 340.

■ A party asserting a violation of the Donnelly Act must 1) identify the relevant product market; 2) describe the nature and effects of the purported conspiracy; 3) allege how the economic impact of that conspiracy is to restrain trade in the market in question; and 4) show a conspiracy or reciprocal relationship between two or more entities. *Creative Trading Co.*, 523 N.Y.S.2d at 103 (citing *International Television Productions, Ltd. v. Twentieth Century–Fox Television Div.*, 622 F.Supp. 1532 (S.D.N.Y.1985)); *Newsday, Inc. v. Fantastic Mind*, 237 A.D.2d 497, 655 N.Y.S.2d 583, 584 (2d Dep't 1997). Conclusory allegations of conspiracy are legally insufficient to make out a violation of

the Donnelly Act. *Sands v. Ticketmaster–New York, Inc.*, 207 A.D.2d 687, 616 N.Y.S.2d 362, 364 (1st Dep't 1994).

■ In particular, plaintiff must allege facts that name the alleged conspirators. *Creative Trading Co. v. Larkin–Pluznick–Larkin, Inc.*, 148 A.D.2d 352, 539 N.Y.S.2d 1, 3 (1st Dep't 1989) (Sullivan, J., dissenting), *rev'd for the reasons stated in Justice Sullivan's dissenting memorandum*, 75 N.Y.2d 830, 552 N.Y.S.2d 558, 551 N.E.2d 1236 (1990); *see also Tower Air, Inc. v. Federal Express Corp.*, 956 F.Supp. 270, 282 (E.D.N.Y.1996) (citing *International Television Productions*, 622 F.Supp. at 1537); *Anand v. Soni*, 215 A.D.2d 420, 626 N.Y.S.2d 830, 831 (2d Dep't 1995) (complaint proper where it made specific allegations against named parties). The complaint must further allege facts to support the existence of a conspiracy. *Continental Orthopedic Appliances, Inc. v. Health Ins. Plan of Greater New York*, 956 F.Supp. 367, 373 (E.D.N.Y. 1997); *Creative Trading Co.*, 539 N.Y.S.2d at 3.

Plaintiff fails to allege facts to support the claim that the Superstore Law was the result of an illegal agreement between the Town and other entities. As a threshold matter, plaintiff fails to identify the alleged co-conspirators except as the "owners and operators of existing retail stores." That is insufficient to establish a conspiracy, even for pleading purposes. More importantly, plaintiff alleges no fact to suggest that the Superstore Law was the product of a conspiracy or reciprocal arrangement, as opposed to a unilateral act by the Town that may have inured to the benefit of existing retailers. Plaintiff's conclusory allegations are insufficient to state a claim. Accordingly, plaintiff's ninth claim is dismissed with leave to replead with the requisite specificity.

### CONCLUSION

For the reasons stated above, defendant's motion is granted to the extent that 1) plaintiff's first and fourth claims are dismissed with prejudice; 2) plaintiff's fifth claim is dismissed with prejudice insofar as it attempts to assert a violation of substantive

due process under the United States Constitution, and stricken as duplicative to the extent asserted under the New York Constitution; and 3) plaintiff's seventh and ninth claims are dismissed with leave to replead. The remainder of defendant's motion is denied.

SO ORDERED.